Chief Justice Barry
delivered the opinion of a special Court, constituted by consent of parties, of himself and Judge Davidge.
THE appellants, upon notice, moved to quash an execution and set aside a sale had under it, for several causes assigned. The circuit court overruled the motion; the appellants excepted to the opinion of the court,., and now seek to reverse the judgment. The principal question to be decided, is, whether, under thé¿ circumstances of the case, the sale of land to the ap-pellees, is valid.
The judgment was obtained in Pendleton, the ap» pellants lived in Scott, and the execution was sent to Grant county, where the land was levied upon and sold, the appellees being the purchasers at the sheriff’s sale.
In the case of Mason vs. Rogers, 4 Litt. Rep. 375, it is decided, after much consideration, that a fieri facias cannot be sent out of the county where the judgment is rendered, except in cases specially provided for statute, as where the defendant removes himself or effects, or resides out of the county, and then it is to be directed to the county where the defendant or his goods are to be found. From the principle settled in this case, it would seem, that the law did not authorize the sending of the execution to Grant county, and the proceedings under it, of course, inoperative. But the effect of this on the purchasers, is to be considered.
In the case of Cox vs. Nelson, 1 Monroe 94, the authority of the case of Mason vs. Rogers, is recognized- as. fixing the construction of' the statute, relative to the transmission of executions to other counties; but the distinction is taken between irregular and erroneous proceedings, and the issuing an execution improperly ‡0 another county, classed among the latter. A sale had under such execution is decided to be voidable, but not void, and its validity is made to depend on the cence of the purchaser and his ignorance of the tion complained of. There is much reason in this. Great mischiefs would result from a contrary *140 Purchasers would be subjected to inconvenience; sales of property on executions out of the county, would be-hazardous; a fair price would not be had;, it would be at once injurious to the debtor, and detrimental to the creditor. The correct doctrine is, as laid down in the case cited, that the sheriff and purchasers have a right to presume that the execution has bepn legally sent out of the county, and act accordingly; and if it should thereafter be found that it was sent improperly, the title sold under it ought not to be disturbed. Innocent purchasers and strangers to the execution, are thus protected.
Where the • plain tiff in the fieri fa-cias so irregu-tolynoü"erd county, becomes the havin^afair opportunity of knowing of the irregularity, the sale is invalid and .may be quashed.
plaintiff’s knowledge, estof'both’6'" must share the same fate, Partner of the plaintiff in the purchase, is affected with notice by the
Bibb, for appellants; Sharp, for appellee»»
But the rule, we apprehend, is different, where the purchaser is a party to the execution, and has a knowledge of the deviation from the statute. What is the present case? The plaintiff in the execution, Ruddle, ‘s a Purc^aser. The execution had issued on a judgment bond given him as an occupant, for improvements on land, the title to which he had been litigating with the appellants. Ruddle lived only thirty-five miles from the appellants, Walker Sanders and John Thompson resided in Scott county, and owned large estates there, real and personal; either of their estates more than sufficient to satisfy the execution. Thompson was a man extensively known, having served in both branches of the Legislature, and, at one time, been Keeper of the Penitentiary. From these facts, which are stated in the bill of exceptions, the presumption is irresistible, that Ruddle must have known the residence and condition of the parties; that in sending the execution to Grant, he wilfully deviated from the statute, and cannot claim the protection due to an innocent purchaser.
The partner of the plaintiff in the purchase^ will be affected by his knowledge, and must stand or fall with him. Upon the whole, we are satisfied that injustice has been done to the appellants. It is unnecessary to. notice other grounds relied on by the appellants.
The judgment of.the circuit court must be reversed with costs, the cause remanded, with directions to quash the execution and set aside the sale. ...