## Doe *ex dem.* Van Campen, Appellant, *v.* Snyder.

Quashing an execution will not vitiate a sale of property previously made, in pursuance of the execution.

The sheriff cannot be called as a witness to impeach his own return.

THIS cause was tried at the February term of the circuit court of Adams county, 1838, before the Hon. George Coulter, and came up on appeal.

The action in the court was ejectment.

The record shows that one Girault obtained a judgment in the circuit court of Adams county, against one William Vannersen. That a *fieri facias* issued upon that judgment which was levied upon the land in question; and on the day of sale the defendant in error became the purchaser of the sheriff.

Subsequent to this sale by the sheriff, a motion was made to quash the *fieri facias* under which it was made. This motion finally prevailed. The plaintiffs below offered to prove the success of the motion by the minutes of the court, which was objected to on the part of the defendant in error, and rejected by the court, to which rejection a bill of exceptions was taken and filed.

The said plaintiffs further offered to prove by Horace Gridley, the sheriff who made the said sale, that at the time of such sale the said *fieri facias* was fully satisfied. This evidence the court refused to admit.

And then the plaintiffs offered said sheriff to prove that, after the property in question had been struck off to Snyder, Vannersen the defendant in execution gave him notice not to pay his money or take a deed from the sheriff, on the ground that the sale was illegal and void. This also the court refused to admit, which opinion was excepted to, &c.

These are the only matters in relation to which any question is made in the assignment of errors, except one upon a motion for a new trial.

[Doe *ex dem.* Van Campen, Appellant, *v.* Snyder.]

Webber and Vannerson, for the appellants.

Winchester, for appellee.

The only question is, was the evidence properly rejected?

For the defendant, it is contended it was.

This court at this term has decided, that the circuit court has no jurisdiction to set aside a sheriff's sale, upon motion, so, as to defeat the title of a purchaser.

If an execution be returned, and endorsed unsatisfied, though in fact paid, an *alias* issuing after it is regular.   Luddington *v.* Peck, 2 Conn. Rep. 700.

A *bona fide* purchaser of lands under an execution issued upon a judgment which had been paid, but on which no satisfaction had been entered of record, nor an execution returned, would be protected in his purchase.   Saunders *v.* Caldwell, 1 Cowen, 622.

In ejectment by a purchaser at sheriff's sale against the defendant in execution, the latter cannot question the title; for the sheriff in making sale stands in the situation of attorney to the defendant. Cooper *v.* Galbraith, 3 Wash. C. C. Rep. 546.

Judgment reversed; sale of goods under execution before reversal shall stand.   Comyn, tit. Execution (C 3;) 5 Co. 90 b; 2 Cro. Jac. 46; Dyer, 363, a; Yelv. 180.

It is not the course of the law to try the title of any man, between strangers, when he that hath the title is not a party.  1 Plowden, 54.

Even in Kentucky, where a statute authorises a common law court to set aside a sale under execution, upon motion, and clothes it with necessary powers, the quashing a sheriff's return and execution thereon, does not *per se* set aside the sale.   Schober *v.* Denman, 2 Littell, 117.

The title of a *bona fide* purchaser is not defeated for error or irregularity in the judgment or execution, or on the ground that the levy was not made until after the return day of the writ. Jackson *v.* Renwell, 13 Johns. Rep. 97.

It would be very hard if it were at the peril of the purchaser whether the proceedings were regular or not. 1 Ves. 195; 2 Tidd's Prac. 936.

Sheriff's sale of a term of years under an execution grounded on

[Doe *ex dem.* Van Campen, Appellant, *v.* Snyder.]

a *testatum* where none was filed, which execution is void. Yet a sale of the term, which is worth £1000 for £100 is good. Upon reversal the defendant in execution shall never have the term again, for it is the folly of the party, that he did not pay the judgment; and if such sales should be avoided none would buy at sheriff's sales. Good *et al. v.* Hence, Yelv. 180.

Sheriff's sale legal as to purchaser, if *fieri facias,* levied before the return day, though sale is after it, and the writ never returned. Wheaton *v.* Sexton, 4 Wheat. 50; 4 Cowen, 585, 464; 1 Cowen, 622; 2 Term Rep. 44; 2 Murph. 507. 250; 15 Johns. Rep. 537; 1 Johns. Cha. Rep. 153; 1 Johns. Rep. 45, *n*; 2 Bac. Abr. 231; Cro. Eliz. 334; 8 Cowen, 143, 176.

Gridley's testimony, offered to prove that the execution had been satisfied before the sale, was properly rejected.

1. Because the return on the execution is the best evidence, and that return could not be contradicted by parol evidence.

2. Because if there had been a satisfaction, and it had not been so returned, the purchaser would be protected in his title. See cases of Luddington *v.* Peck, and Saunders *v.* Caldwell above cited.

It was an attempt to compel Gridley, (who was the sheriff,) to testify as a witness to contradict his own return.

Mr. Justice Pray delivered the opinion of the court.

We have no hesitation in laying down the general rule, that the quashing of an execution cannot defeat a sale previously made in pursuance of it.

In a case of ejectment by the purchaser at sheriff's sale against the defendant in execution, reported in 3 Wash. C. C. Rep. 546, it was held, that the latter cannot question the title; for the sheriff in making sale stands in the situation of attorney to the defendant. Even when a judgment has been reversed, a sale of goods under execution before reversal shall stand. Comyn, tit. Execution (C 3;) 560, 906; 2 Cro. Jac. 46; Dyer, 363, a.

In the second place, we regard the position taken as clearly untenable. It is in fact presenting the sheriff as a witness to impeach his own return. Even if the judgment had been paid as alleged, the authorities cited at bar establish the position, that an

[Doe *ex dem.* Van Campen, Appellant, *v.* Snyder.]

execution, if returned, and endorsed unsatisfied, though in fact paid, an *alias* issuing after it, is regular. Luddington *v.* Peck, 2 Conn. Rep. 700. And a *bona fide* purchaser of lands under an execution issued upon a judgment, which had been paid, but on which no satisfaction had been entered of record, nor an execution returned, would be protected in his purchase. Saunders *v.* Caldwell, 1 Cowen, 622.

These two points being thus settled, we deem it perfectly immaterial whether Mr. Vannersen did or did not give the notice stated in the bill of exceptions. The sale being a good one, his notice could have had no effect upon it.

The opinion of the court below, in relation to the matters contained in the bill of exceptions having been suctained by this court; and these matters being all that could have been urged for a new trial, it follows as a necessary consequence that we are satisfied that the court below was right in refusing it.

The judgment below must be affirmed with costs.