Nash, J.
 

 The objection cannot avail the defendant. We have been so repeatedly called on to express our opinion upon this subject, that we had hoped, it would have been well known to the profession. The language of the Court in
 
 King’s case,
 
 5 Ired. 204, is emphatic— “ the power resides in every Court, to amend the entry on its minutes, or the records of its orders and judgments,
 
 nunc pro tunc,
 
 and that no Court could
 
 incidentally
 
 question the verity of the record as amended.” When the amendment is ordered, it is the duty of the clerk to obey the order ; not by entering it on the record to be amended, but altering the record itself, so as to answer to the amendment, and, when so amended, it stands as if it never had been defective. When therefore, the clerk gives a transcript of the record, it must be so amended, exclusive of the order ; and if he sets forth in the transcript, when and how he altered it, it is surplusage: being no part of
 
 that
 
 record. We must take the record to be, as it is certified to us by the proper officer; we are not at liberty to look beyond it, to enquire how it came to be as it is.
 
 Galloway’s Admr.
 
 v.
 
 McKeethan,
 
 5 Ire. 12.
 

 The second objection is, that the interests of John C. and Atlas Jones, in the land, were sold at one bid, instead of being sold separately. There is no allegation of fraud in the transaction, nor is there any complaint on the part of the owners of the land, that their interests have been injured by the mode pursued. We admit it is unusual; but we do not see, that it is therefore contrary to law. The law points out no specific mode, in which a sheriff shall
 
 conduct
 
 the sale, but he is bound, by general principles, to sell the property levied on, in such way, as will probably raise the most money. The office of sheriff is a highly responsible one, and much discretion must, in
 
 *73
 
 many cases, be allowed him. In this case, John C. and Atlas Jones, were owners of two undivided fifths of the lands sold; it might have been beneficial to them, to have their respective interest sold by the same bid ; the land thereby might have produced more. But this was a question of fact, which, if pertinent to the case, ought to have been submitted to the jury, and we cannot say, as a matter of law, that the sale, for that case, is absolutely void. After the sale, the owners were each entitled to one half of the proceeds, and it was the duty of the sheriff to have applied the money to the executions accordingly.
 
 Wilson
 
 v.
 
 Twitty,
 
 3 Hawk. 44.
 
 Thompson
 
 v.
 
 Hodges,
 
 3 Hawks 51.
 
 Davis
 
 v.
 
 Abbott,
 
 3 Ired. 139. It is admitted by the defence, that the land was liable to be sold under the executions, the objections to the amendment of the attachments, and the one we are now considering, being removed. The owners of the land do not complain, and the purchaser is seeking to enforce his rights under it.
 

 This brings us to the last objection, made by the defendant to the plaintiff’s right of recovery. He alleges the title to be in himself, and, to prove it, produced on the trial a deed from Hixie Jones, and her husband Jas. C. Jones, to one Harrison under whom he claims. It is admitted that without a private examination of a
 
 feme covert,
 
 had, in in one of the modes pointed out by the act of the General Assembly, her deed conveys no estate in her lands. In the case of
 
 Burgess and others
 
 v.
 
 Wilson, 2
 
 Dev. 306, the manner in which, in every case, the private examination is to be conducted, is so fully and distinctly pointed out, that we content ourselves by referring to it. The very point we are now called on to decide is settled in that case, that when the wife is capable of attending Court, the deed
 
 shall
 
 be acknowledged by both husband and wife in Court, and then the wife be privily examined by some one of that Court. In the case before us. Mrs. Jones was present, but there was no acknowledgment of . the execution of the deed, in Court, either by her or her
 
 *74
 
 husband. Nor, indeed, as far as the certificates or the conveyance show, does it appear, she ever has legally acknowledged the execution of the deed, or been privily examined as required.
 
 Lucas
 
 v.
 
 Cobb,
 
 1 Dev. and Bat. 328. It is void, and conveyed to Harrison no estate in the laird, and the defendant’s claim under it is of no avail.
 

 Per Curiam. Judgment affirmed.