Baldwin, J.
delivered the opinion of the Court.
The motion in this case to quash the writ of extendi facias, and the inquisition thereupon in the proceedings *4 mentioned, was not made between the proper parties. This sufficiently appears upon the face of the judgment itself, and more distinctly from the writ and inquisition which it quashed; and into these we are at liberty to though not incorporated into a bill of exceptions, inasmuch as they must of necessity have entered into the consideration of the Court below, and formed the basis of its judgment, which without reference thereto would be wholly inoperative, and consequently a mere nullity. It was therefore the duty of the clerk of that Court to treat those record proceedings, which were the very subject of the Court’s action, as part of the record of the cause ; and they cannot be regarded by the Appellate Court, as irrelevant or unauthenticated.
It thus appears that the motion to quash was not made by the defendants in the execution, nor against the plaintiff therein, but by persons claiming under the latter, we know not how or what, against a person claiming under the former, in what way we can only conjecture. It seems that the defendant in the motion was the administrator of the assignor of the debt for which the plaintiff in the execution recovered his judgment; but that could give him no claim under the execution. It may have been that he claimed by an assignment of the judgment or execution, but neither of these is assignable at law, and he could acquire only an equitable interest therein.
It matters not, however, what may have been the respective claims of the plaintiffs and the defendant in the motion: they could in the nature of things have none that a Court of Law will recognize upon such a motion, which must be founded upon the irregularity, or abuse, or discharge of the process, in reference to the parties thereto; and others who are not parties thereto, and cannot be made so, must resort to other remedies, if any they have.
• It is true that a stranger may acquire an equitable right to the benefit of the execution, or to the property *5 upon which it is levied, and such equitable right may in most cases give him authority to sue out and conduct the process, or to object to its regularity or validity; but he cannot do so by proceedings in the case, in his own name, upon or against the process, for the purpose of enforcing or abrogating the same: he must do it in the name of a legal party to the process, or one who can be made so. And this authority so derived to use the name of a party to the process of a Court of Law, will be so far recognized by such Court as to preclude the intervention of such party, for the purpose of defeating it. But a Court of Law cannot tolerate the intromission of equitable claimants into or against its process, as if they were legal parties thereto; which would break in upon its forms and modes of administering justice, and present for its adjudication collateral and indeed irrelevant questions arising out of the derivation of their interests; for equitable claimants can acquire no better or other right to prosecute or defend the process under or against which they claim, than that of the parties from whom they derive their interest.
This view of the subject renders it unnecessary, and indeed improper, to decide whether the motion in question could have been sustained upon its merits, between proper parties thereto. It is enough that the plaintiff in error is aggrieved by being harassed and subjected to costs, on a motion to which he and the appellees were not proper parties.
It is therefore considered by the Court that the judgment of the Circuit Court is erroneous; and that the same be reversed and annulled, with costs. And this Court proceeding to render, &c., it is further considered that the motion of the defendants in error be dismissed with costs.