Pearson, J".
 

 There is no doubt that "William A. Whitfield did suppress competition at the sale made by the sheriff, and that, in consequence of his representations that his object was to buy the land merely to compel Hatch Whitfield to come to a fair settlement, several persons who were present, willing and able to buy the land at a fair price, were induced not to bid, whereby lie was enabled to bid off the land at a sum greatly below its value. Upon this ground, the sheriff might have refused to make him a deed and offered the land for sale again ; but the sheriff recognised him as the last and highest bidder, and executed a deed, the effect of which -was to vest in him the legal title. There is no proof of collusion between the sheriff and William A. Whitfield; so, there is no ground upon which, in a Court of law, the deed can be considered void and of no effect. Consequently, the legal title passed, and the lessor of the plaintiff having acquired that title, the defendant could not, in a Court of law, resist a recovery.
 

 The judgment of a Court of law is absolute and positive, -whereas the decree of a Court of Equity is pliable, -and may be modified and shaped so as to mete out exact justice to both parties; hence, the former only looks to the legal title, and never interferes, except in cases when the conveyance is void and of no effect—e. g.,'if a sheriff, or other public officer, pur
 
 *124
 
 chase at his own sale—whereas the latter will cany the investigation beyond the legal title, and if the
 
 “
 
 actings and doings,” although not void and of no effect, are tainted with fraud, will take jurisdiction, relying on its ability to see that justice is done to both parties. Eor instance, in our case, if the rough hand of a Court of law takes hold of it, and the deed is considered void, ’William A. Whitfield must lose his $2,000, which was applied to the satisfaction of the debts of the defendant in the execution; whereas, in a Court of Equity, the deed may be considered as valid, so as to pass the legal title ; but, by- reason of the fraud in suppressing competition, the purchaser will be converted into a trustee holding the legal title, first, as a security for the money which he actually paid in satisfaction of the debts of the defendant in the execution, and then in trust for him; so that in this way, the avowed purpose of William A. Whitfield to bring his guardian to a fair settlement,—which purpose was a legitimate one, and induced others not to bid,-—will be effected without injury to either party.
 
 Yeni/re de
 
 novo»
 

 Per Curiam.
 

 Judgment reversed.