R. W. FOARD and others *v.* J. N. ALEXANDER, Adm'r, &c.

*An action* is inadmissible as a mode of obtaining relief against an execution for *irregularity*: the proper relief is, as formerly, by motion to set it aside: *notice* of the order *nisi* made thereunder, operating in the meantime, as an injunction against the process.

Where *an action* had been resorted to: *Held,* that it could not be treated as a motion in the original cause; 1st, because not so entitled; 2d, because the only relief prayed for therein, was, a perpetual injunction.

An order to stay proceedings, made, without notice, by a Judge out of court, for a longer time than twenty days, is irregular (C. C. P. § 345 (5)), and a demurrer to the complaint in the action in which such order was made, may be treated as a motion to vacate.

(*Davis* v. *Shaver,* Phil. 18, *Moore* v. *Mitchell,* Ib. 304, *Simpson* v. *Sutton,* Ib. 112, *Mason* v. *Miles,* 63 N. C. R. 564, cited and approved.)

ACTION to set aside an execution and vacate a judgment

for irregularity, tried before *Logan, J.,* on demurrer, at Spring Term 1869 of CABARRUS Court.

This proceeding began in April 1869, by a petition to the Judge of the Ninth District. The plaintiffs allege that the defendants brought suit against them to April Term 1861, of Cabarrus county court; that the case was thence transferred, under an act of Assembly, to the Superior Court of Law for that county; that at Fall Term 1862, there was an entry on the docket, "judgment by default," and that said judgment (if the said entry is to be deemed one) became dormant; that an execution for a sum certain has issued upon it; and they pray that the execution may be set aside, and the judgment vacated, &c. The Judge thereupon (April 21st 1869) ordered an injunction to issue, and also a summons, both returnable to the next term of Cabarrus Superior Court (May 31st 1869,). The defendant, upon appearing, demurred generally.

The Judge overruled the demurrer, but gave no judgment, and the defendant appealed.

*Wilson* for the appellant.
*Blackmer & McCorkle, R. Barringer, and Montgomery,* contra.

RODMAN, J. (After stating the facts as above.) Whether the judgment was irregular (assuming the facts stated to be true) may be doubtful: *Davis* v. *Shaver,* Phil. 18; *Moore* v. *Mitchell,* Ib. 304; but the execution issuing on the judgment after it became dormant, as is alleged, was : *Simpson* v. *Sutton,* Phil. 112.

The first question however, is whether the plaintiffs have taken the proper course to obtain the relief desired, and to which it is assumed they are entitled. Under our former practice the remedy against an irregular judgment or execution, was by an *audita querela,* or by, what was a substitute for it, a motion in the cause: *Moore* v. *Mitchell, ub. sup.*;

*Mason* v. *Miles,* 63 N. C. R. 564; 1 Tidd Pr. 212.   A court of equity never had jurisdiction to set aside the irregular judgment of a court of law, because the remedy at law was adequate, or was assumed to be so.   Whether under our former system a Judge could have given relief out of term time, it is not necessary to inquire.   Since the adoption of the Constitution of 1868, there can be no doubt in cases coming within its operation, for Art. IV, sec. 28 requires the Superior Courts to be always open for the transaction of all business, except trials by jury.   Section 25 of Article IV, provides that suits pending at the adoption of the Code of Civil Procedure shall be determined according to the practice then in use, "unless otherwise provided for by the Code."   The Code does not change the mode of setting aside an irregular execution; it must still be done by a motion in the cause; and an injunction against proceeding under it, if ever necessary, must be obtained in like manner. Indeed, an injunction in form against an irregular execution can hardly ever be necessary, as the granting of an order *nisi* to set it aside, operates as soon as the parties have notice of it, to stay all proceedings :   McNamara on Nullities. Such an order would be governed by subdivision 5, sect. 345, C. C. P.   On the final determination of the question of irregularity, an absolute order setting the judgment or process aside, and superseding it, when served on the parties and the officers, answers every purpose and is the proper remedy:  See sections 188 to 191 and Sect. 345 C. C. P.

Can the present proceeding be regarded as a motion in the cause, or is it in the nature of a bill in equity for an injunction?   With every disposition to view liberally all proceedings begun when the practice was uncertain, we cannot regard this as a motion in the cause, which we have seen is the only regular way of proceeding:  *Mason* v. *Miles, ub. sup.*   We do not attach any weight to its being in the shape of a complaint or petition—that is properly enough the form of a motion; but it is not *entitled* in the original

action. But however this may be, the interlocutory order for an injunction was certainly irregular, as contrary to sub-division 5 of sec. 345 C. C. P.; and regarding the demurrer as a motion to vacate the injunction, it should have been allowed. We think also, for the above reasons, that the petition should have been dismissed. The plaintiffs have still a remedy (if they are entitled to any, and have not waived it by delay,) by a motion in the cause, on proper notice. Let this opinion be certified.

PER CURIAM.                    Order accordingly.