JOSEPH K. BURKE, Assignee of M. BROWN *v.* STOKELY & OLDHAM.

Where an attorney was written to by the defendant to appear in a cause then returnable to a Term of his Court in 1861, and he failed to make an appearance thereto, when a judgment by default and enquiry was obtained in 1863: *Held*, that it did not make out such a case of "mistake, inadvertence, surprise or excusable negligence," as to justify the Court in setting aside said judgment.

Where a final judgment is rendered in an action after the death of one of the defendants, it will be vacated upon motion, as it is "error in fact" to take judgment against one who is dead. The death of the defendant may be suggested, and the action proceed against the surviving defendant; and it is the business of the plaintiff to make such suggestion, but the judgment being joint, the objection may be taken by the surviving defendant.

*Colson* v. *Wade*, 1 Murphy 43, cited and approved.

Motion to vacate a judgment, heard before *Cloud, J.,* at Spring Term, 1871, of ROWAN Superior Court, upon the following facts:

The action was made returnable to Fall Term, 1861, of Rowan Superior Court, and judgment by default and enquiry was rendered at Fall Term, 1863.

It appeared from the evidence that the defendants wrote to the late N. N. Fleming, then an attorney of the Salisbury bar, and employed him to plead to the suit, stating that they had a meritorious defence. There was no evidence to show whether Mr. Fleming ever received this letter or not, but at all events he entered no appearance for defendants.

It further appeared that the defendants were not aware of the failure of Mr. Fleming to appear in the case, or of what had been done in it, until a few days before the application to vacate the judgment was made.

It also appeared that the defendants made application to

vacate the final judgment rendered in the case within one year after notice thereof, and that they had a valid and meritorious defence to the action.

The evidence also showed that at the time of the enquiry of damages and judgment thereon had, at Fall Term, 1869, the defendant Stokely was dead, but which fact did not then appear. That the letter retaining Mr. Fleming was sent by mail, and that the defendants received no reply thereto.

His Honor denied the motion, and the defendants appealed.

*R. A. Caldwell*, for the plaintiff.
*Fowle* and *Bailey*, for the defendants.

1. The defendant, Stokely, having died after judgment by default and enquiry, the execution of the enquiry and judgment thereon was irregular, and contrary to the course of the Court. *Colson* v. *Wade*, 1 Murp. 43.

For such irregularity, a writ of error *coram nobis* was the remedy under the old system. *Latham* v. *Hodge*, 13 Ire. 267. Writs of error being abolished by the C. C. P., sec. 296, we submit that the remedy by notice and motion is a proper substitute. *Ford* v. *Alexander*, 64 N. C. 69.

And as the judgment is joint, the error permeates it throughout, for to have supported error, all the plaintiffs in error should have joined, or there should have been a summons and severance which death in this case prevented.

2. Treating the judgment as regular in any respect, we submit that our case is on "all fours" with the recent case of *Griel* v. *Vernon, ante*, 76.

PEARSON, C. J. The motion to vacate embraced both the judgment by default and the final judgment. The attention of his Honor, seems not to have been called to this fact. We concur with him in the conclusion that the defendants do not make out a case of " mistake, inadvertance, surprise or excusable

BURKE *v.* STOKELY & OLDHAM.

negligence." C. C. P., sec. 133.   So the motion was properly refused, in respect to the judgment by default; but to the final judgment, there was a further objection.   It was rendered after the death of one of the defendants.   At common law, this would have caused an abatement of the action.   8 and 9 Will. III, ch. 11, provides that the action shall not abate by the death of one of the defendants, but his death may be suggested, and the action proceed against the surviving defendant.   It was the business of the plaintiff to make this suggestion; as it is "error in fact," to take judgment against one who is dead.   *Colson* v. *Wade,* 1 Murphy, 43.   The judgment being joint, the objection may be taken by the surviving defendant, although, if he be present and take part in the "enquiry of damages," when judgment by default had been taken in the life time of his co-defendant, the Court could deprive him of this advantage, by allowing the suggestion to be entered *nunc pro tunc,* and the action to be treated as having abated in respect to the deceased party.

In our case, however, the surviving defendant took no part in the enquiry of damages; and the final judgment should be vacated, and new enquiry of damages created, at which the alleged meritorious defence may possibly be made available to some extent.

This will be certified.   No costs are allowed.

PER CURIAM.                                      Judgment reversed.