JOHN ANDREWS *v.* THOS. E. PRITCHETT and E. G. McDANIEL.

It is the duty of a Sheriff to lay off the homestead of the defendant in the execution, and to sell the excess in a prudent and just manner, so as to realize a fair price: Therefore where a Sheriff sold, at the instance of the defendant, several parcels of land *en masse* and subject to the lien of the homestead, *it was held*, that such sale was fraudulent, and might be avoided by a creditor of such defendant, not present, nor consenting to the sale.

CIVIL ACTION, (in the nature of Ejectment,) for the recovery of real estate, tried at the Fall Term, 1874, of the Superior Court of JONES county, before his Honor, *Judge Seymour* and a jury.

The action was originally commenced against the defendant Pritchett, the tenant in possession. At Spring Term, 1873 E. G. McDaniel, claiming to be the landlord of Pritchett, was made a party defendant upon the usual terms, when the two joined in the answer denying the plaintiff's title.

The plaintiff claimed title to the premises in question under a deed from the sheriff of Jones county, executed in the Spring of 1873, upon a sale under an execution duly issued against one F. McDaniel, the owner of the land and the father of the defendant, E. G. McDaniel.

The defendants also relied upon a deed from the said sheriff executed in May, 1872, upon a sale of the same land under an execution duly issued against the said F. McDaniel.

The main question arising on the trial was one of fraud, to

establish which, the plaintiff introduced testimony tending to show that at the first sale there was collusion between the father, F. McDaniel, the judgment debtor, and the defendant, E. G. McDaniel, his son. The collusion was denied by the defendants' evidence.

On the trial, it was in evidence and not contradicted, that at the first sale by the sheriff, two parcels of land—one in the country, three miles from the village of Trenton, and the other consisting of a number of lots in that village, were sold *en masse* by the sheriff and were purchased by the defendant, E. G. McDaniel, for about $200. That the sheriff, and the purchaser and F. McDaniel, against whose property the execution issued, were well aware of the situation of the different tracts of land, and that they were so sold altogether at the request of the said F. McDaniel, the judgment debtor; and also at his request, the sale was made of his interest, "subject to all legal claims," without laying off his homestead. There was evidence, that he, the judgment debtor, did not relinquish his right to a homestead, but supposed that the sale was made subject to it. The tract of land in the country, estimated to be worth from $700 to $1000, continued to be occupied by the said F. McDaniel, the judgment debtor, and was subsequently assigned to him for a homestead, upon his going into bankruptcy. The lots in the village are estimated to be worth from $500 to $1000.

The plaintiff requested his Honor to instruct the jury, "that the sheriff sold as an officer of law; and if he did not sell the land in the way it would bring the best price, the sale is void, although the purchaser had nothing to do with the way in which the sheriff sold." This instruction his Honor refused, as he did also the following, asked by defendants, to wit: "that if the defendant in the execution, the said F. McDaniel, assented to a sale *en masse* of the premises, that is a waiver of any objection upon that point, and as to that, a sale *en masse* by the sheriff was good."

The Court charged the jury, that upon the question of fraud

they might consider the relationship of the parties; the value of the land purchased as compared with the amount given for it; the fact that F. McDaniel remained in possession; certain conversations at the sale; the re-sale of the home plantation to the father, F. McDaniel; and the fact that the defendant, E. G. McDaniel, was aware that his father had been sued. That if upon considering all the evidence, they believed there was an understanding between the father and the son, the defendant, E. G. McDaniel, by which the land was to be purchased for the benefit of the father, or a purpose to defraud creditors, they would find the issue of fraud in favor of the plaintiff; if they believed the transaction was an honest one, they would find for the defendant. And the Court submitted the following issues to the jury:

1. Was the real estate of F. McDaniel sold by sheriff Anderson, on the John McDaniel execution, in such a manner as was likely to bring the best price? To which the jury responded, that " it was not."

2. Did sheriff Anderson sell the two tracts *en masse*, at the request of F. McDaniel? The jury found that " he did."

3. Is the sheriff's deed to E. G. McDaniel for the land sold under the execution against F. McDaniel, void by reason of fraud? The jury " found no fraud on the part of the defendant, E. G. McDaniel."

Upon these findings of the jury, his Honor gave judgment for the defendants. From which judgment the plaintiff appealed.

*Green,* for appellant.
*Haughton,* contra.

READE, J. It is clearly the duty of a sheriff to conduct his sales in a prudent and just manner, so as to realize a fair price for the property sold. And if he does otherwise the sale is voidable. Voidable by whom? The general answer is, voidable by any person injured thereby :—by the defendant in the

execution; by the plaintiff in the execution; by any creditor of the execution debtor. But it is equally clear, that no matter how irregular soever the sale may have been, no one can complain of it, who was consenting to it. Therefore, as against the defendant in the execution, the sale in question was valid, because he was not only consenting to it, but connived at it. And so far as we know, it was valid also as against the plaintiff in the execution; for he does not complain, and as it may be supposed, received the money realized in satisfaction of his execution. But the plaintiff in this action was creditor of the defendant in the execution, and had the right to have his claim satisfied out of the defendant's property, which is alleged to have been sacrificed. And although the sale was valid as against every one else, yet he says that he is injured and has the right to avoid the sale. And his legal inference is right, if the sale was irregular.

The first question then is, was the sale irregular?

There was a tract of land in the country estimated at the value of from $700 to $1,200 and several lots in town valued at from $500 to $700. And the defendant in the execution had the right of a homestead of a $1,000 value in the whole. It was the duty of the sheriff to have the homestead laid off and sell the excess. But instead of that, he, at the instance of the defendant in the execution, sold the whole *en masse*, with the lien of the homestead upon the whole; so that no one could know where the homestead would be laid off or what he would get if he bought at the sale. The consequence was that the land was bid off by the defendant in this action, who is a son of the defendant in the execution, at the price of $200.

It does not require the intervention of a jury to stamp this transaction with fraud. The facts being found, or admitted as stated, the invalidity of the sale is a legal inference.

Before the adoption of the Code, the remedy would have been administered either in the Law or Equity Courts, according to circumstances; but now, this action embraces both remedies. It has been treated however as if it were an action of

Ejectment at law ; and the effect of the judgment below is to sustain the sale as valid ; whereas it is clearly voidable. And yet a judgment the other way would have been equally erroneous, for it would have taken the land away from the defendant and given it to the plaintiff, without allowing the defendant the $200 which he paid for the land, and for any improvements which he may have made.

We must therefore declare that the judgment below is erroneous; and remand the case, with the suggestion, that the rights of the parties to the transaction, and to this suit, are, that the debtor defendant in the execution is entitled to his homestead, to be laid off to him, if it has not already been done ; that this defendant, the purchaser at the execution sale, holds the excess in trust, first, by a re-sale to re-emburse himself the price which he paid and any other charges for betterments ; and that this plaintiff is entitled to the excess of the value of the land, to the amount of this debt, if the excess shall be so much.

We suppose that the pleadings can be so amended below, and proceedings so regulated as to administer the rights of all the parties. To this end, there must be a *venire de novo* and the cause remanded, with this opinion certified.

PER CURIAM.                                        *Venire de novo.*