# Charlestown.

REINHARD, MEYER & CO. *v.* BAKER *et al.*

Decided September 7, 1878.

(Absent, JOHNSON, JUDGE.)

1. The length of notice of a motion to quash an execution is not ten days, but a reasonable time, to be judged of by the circumstances of each case.

1878
August Term.

2. Such a motion may be made by either the plaintiff or defendant in the execution, and after the return day of the execution.

3. An execution may be issued by the equitable owner of a judgment in the name of the plaintiff on the record; and the court will not permit such plaintiff to control such execution; but the mere endorsement on an execution by the clerk, that it is for the use of a party claiming such equitable ownership, is not conclusive thereof.

4. When no bill of exceptions is taken, showing the facts proven before the court below on the trial of a motion to quash an execution, the Appellate Court will presume, that the judgment of the court below on the trial of such motion on its merits was correct.

Appeal from and *supersedeas* to a decree of the circuit court of the county of Ritchie, rendered on the 26th day of October, 1877, in a cause in chancery, in said court then pending, in which Reinhard, Meyer & Co. were plaintiffs, and Thomas D. Baker and John B. Upton were defendants, allowed upon the petition of said John B. Upton.

Hon. James M. Jackson, judge of the fifth judicial circuit, rendered the decree appealed from.

GREEN, PRESIDENT, furnishes the following statement of the case:

Reinhard, Meyer & Co., gave to T. B. Baker and John B. Upton a written notice, that on October 22, 1877, they would move the circuit court of Ritchie county to quash a certain execution, issued from the clerk's office of said court in their favor against said Baker and Upton for $316.12, with interest from October 16, 1876, till paid, and $10.45 costs, and having endorsed upon it for the use of John B. Upton, which execution was issued on the 16th day of February, 1877, and was returnable to the first Monday in April, 1877, and directed to the sheriff of said county of Richie, in whose hands the same was placed.

This notice states, that this motion will be based on these grounds: first, that there was no judgment of said court, on which said execution could properly issue ; secondly, that said execution had been issued without their authority, knowledge or consent ; thirdly, that the judgment, on which said execution was pretended to have been· issued, was paid and discharged before the issuing of said execution ; fourthly, it was sued out by one of the defendants, John B. Upton, without the authority of the plaintiffs, and after the judgment, on which it was pretended to issue, had been paid to the plaintiffs ; and lastly, for other reasons apparent on the execution and records of the court.

This notice was served on John B. Upton on October 13, 1877 ; and service of it accepted by Baker.

The execution itself is copied by the clerk in the record, as it is sent to this court, as though it constituted a part of the record in this case ; and it is as described in the notice. On the back of it is endorsed by the sheriff, as his return, that he levied it on certain property of Baker, which he had sold ; and that this sale netted

1878
August Term.

Reinhard, Mey-
er & Co.
v.
Baker *et al.*

$108.65; and that no more property was found subject to this execution. This return is dated May 7, 1877.

The motion to quash this execution was docketed on the return day of the notice, October 22, 1877 ; and on the 26th day of October, 1877, the court entered the following order :

"This day came the parties, by their attorneys, and thereupon the defendants, by their attorney, moved to quash the notice in this cause ; and the court having heard the argument of counsel thereon, and maturely considered the same, doth overrule said motion ; and thereupon the plaintiff moved the court to quash the execution in the notice mentioned in favor of said plaintiffs against said defendants for $316.12, with interest thereon from October 16, 1876, until paid, and $10.45 costs, issued from the clerk's office of this court on February the 16th, 1877, to April rules, 1877 ; and the court having heard the evidence offered by the parties, and the argument of counsel upon said motion, doth sustain the same. It is therefore considered by the court, that the said execution be and the same is hereby quashed and that the plaintiffs recover of the defendants their costs, by them about their suit in this behalf expended, except attorney's fees."

No bill of exceptions was taken to this action of the court; and no other facts, than those above stated, are disclosed by the record.

John B. Upton obtained an appeal and *supersedeas* to this Court.

*R. S. Blair,* for appellants, cited the following authorities :

Code W. Va. p. 593, §4 ; 5 Gratt. 5.

*C. D. Merrick and W. L. Cole,* for appellees, relied on the following authorities :

Acts 1872–3, ch. 124, §1 ; 2 Wash. 50 ; 7 Leigh 331 ;

1878
August Term.
───────────
Reinhard, Mey-
er & Co.
v.
Baker et al.
*Id.* 334; 10 Gratt. 382; Herm. on Ex. §403; 3 Smith (Ala) 374; 9 Porter 275; 1 Munf. 269; 5 Rand. 645; 2 Leigh 368; 1 Rob. (old) Prac. 571, 572; 1 Matt. Dig. 238; 1 Call 28; 4 Rand. 317; 9 Leigh 347; 1 Rob. 591; 2 Gratt. 193; *Id.* 344; 2 Leigh 361; Herm. on Ex. 620; 2 Wash. 92; *Id.* 303; *Id.* 181.

GREEN, PRESIDENT, delivered the opinion of the Court:

The first error assigned by the appellant is, that he did Syllabus 1. not have sufficient notice, that a motion would be made to quash this execution. The law requires, that the adverse party should have *reasonable* notice of such motion. See Code of W. Va. ch. 140, §17, p. 671; Acts of 1872-3. ch. 124, §1, p. 437. The nine days' notice, given in this case, must be regarded by this Court as reasonable notice, in the absence of all evipence, to show it to have been unreasonably short.

Section 4 of chapter 122 of the Code, p. 593, which provides, that in any case, wherein there may be a judgment or decree for money on motion, such motion may be after ten days' notice, unless some other time be specified in the section giving the motion, has no application to a motion to quash an execution. This certainly is not a motion for money. The costs, for which the judgment may be rendered, do not make it such a motion, for the motion is not made for the costs; but this is simply, as in every conceivable case, a mere incident to the motion of the plaintiff, when sustained, and may follow every successful motion, no matter what be its object.

The next ground of alleged error in the court is, that Syllabus 2. the return day of the execution had passed, and it had already performed its function. No authority is referred to for the position, that an execution can not be quashed after the return day. It might be levied the day before the return day; and the defendant might

1878
August Term.

Reinhard, Mey-
er & Co.
v.
Baker et al.

well be ignorant of its having been issued, till after the return day; and could only institute proceedings, to quash it, after the return day. The constant practice of the court is, to permit such notices to be given as well before as after the return day of the execution. In *Hendricks et al.* v. *Dunlap*, 2 Wash. 50, the court quashed an execution some two or three years after the return day of the execution, as will appear by this case in connection with *Taylor* v. *Dunlap*, 1 Wash. 93. This practice, of quashing an execution after return day, is incidentally recognized, and impliedly approved, in *Clairborne* v. *Gross et al.* and *Winbish* v. *Gross et al.*, 7 Leigh 344 and in *Beals' adm'r* v. *Botetourt Justices*, 10 Gratt 282.

The assumption by the appellant's counsel, that this execution, when the motion was made to quash it, had already performed its functions, is not sustained by the record; for if the execution, and especially the return upon it, is, in the absence of any bill of exceptions, to be regarded as a part of the record (upon which I express no opinion) still the return shows, that the money, made by the sale of the property of one of the defendants, was still in the hands of the sheriff. But then if this return be regarded as a part of the record, the facts stated in it cannot be held to be true in this Court. The record shows, that evidence was heard at the trial of the case, and does not in any manner show the character of theis evidence. It may have shown, that this return was erroneous; and it may have been so admitted by the sheriff. It could not have been more than *prima facie* evidence of the facts, stated in it, and could by leave of the court have been amended at any time. See *Babbitt's ex'r* v. *Winston*, 1 Munf. 269.

It is urged by the appellant's counsel, that in no case can a plaintiff move to quash an execution. He could, if he chose, it is argued by appellant's counsel, have directed the sheriff to return it satisfied, but could not have moved to quash it. No authority is cited to sus-

1878
August Term.

Reinhard, Mey-
er & Co.
v.
Baker et al.

tain this position; and the case of *Hendricks & Taylor* v. *Dunlap*, 2 Wash. 50, is a direct authority in opposition to this position. In that case, on motion of the plaintiff in an execution made more than two years after the return day, the court quashed an execution.

But if it were true, that the plaintiff could have directed the sheriff, in the case before us to return this execution satisfied, and therefore the court ought not to have quashed the execution, still this court could not have reversed this judgment, for on this supposition all the loss, the appellant could have sustained, would have been the costs of the motion, some $2.00 or $3.00 for which judgment was rendered against. And of course no appeal would lie to this court to correct such an error.

But this position of appellant's counsel is inconsistent with another position assumed by him, that the endorsement by the clerk, that the execution was for the use of John B. Upton, was conclusive of the right of Upton to the benefit of the execution, and therefore that the plaintiff in the execution, whose name he was bound to use in suing out the execution, could not control the same, as Upton's equitable right, shown by the endorsement, would be recognized by the court of law; and *Wallop's adm'r* v. *Scarbrough et al.*, 5 Gratt. 1, is referred to, as sustaining this position.

Syllabus 3

This case does hold, that an equitable right to an execution will be so far recognized, in most cases, as a right to sue out and conduct the process in the name of the plaintiff; and the court would prevent the intervention of the plaintiff for the purpose of defeating the equitable owner. But in such case the person, claiming the right to control the execution, must of course show himself to be such equitable owner. This is in effect denied in the notice in this case, which alleges, that it was sued out with authority from the plaintiff. There is nothing in the case of *Wallop's adm'r* v. *Scarbrough et al.*, 5 Gratt. 1, which gives any countenance to the idea, that the mere endorsement of the clerk was conclusive evidence of the

1878
August Term.

Reinhard, Mey-
er & Co.
v.
Baker et al.

equitable ownership of the party, in whose favor it was endorsed.

If the fact stated in the notice existed, which we must in the absence of any of the evidence presume was proved at the trial, to-wit: that the judgment had been satisfied before the execution issued, it is difficult to conceive, how it could thereafter be regarded in a court of law, as still in force and as justifying an execution to be issued thereon in favor of one of the defendants in the judgment.

The record shows, that the plaintiffs offered evidence to sustain their motion. What this evidence was, the record does not show, as no bill of exceptions was taken. The notice alleged, as ground on which the plaintiff would make this motion, that there was no judgment to sustain the issuing of the execution, and it was issued by John B. Upton, one of the defendants in the execution, without the knowledge, consent or authority, of the plaintiffs; and that the judgment, on which it was pretended to be issued, was satisfied.

The appellant must show affirmatively, that there was error in the judgment of the court. They cannot do so in the absence of all the evidence, on which the court below acted. It must be presumed, that the plaintiffs below proved the facts stated in their notice; and therefore that its judgment is right. See *Gunner et at* v. *Turner's adm'r*, 21 Gratt. 382.

The judgment of the circuit court must therefore be affirmed; and the appellees must recover of the appellants their costs in this court expended, and $30.00 damages.

JUDGES HAYMOND AND MOORE CONCURRED.

JUDGMENT AFFIRMED.