J. A. HIATT, Assignee, &c., v. A. S. & GEORGE WAGGONER.

*Excusable Negligence under section* 133.

Upon service of notice of a motion for leave to issue execution, the defendant informed the sheriff he had his discharge in bankruptcy, and after the sheriff told him to attend to the matter, he requested the sheriff to write to the plaintiff about it (they both thinking that sufficient) but took no further steps in relation thereto, and execution subsequently issued in pursuance of an order of the clerk; *Held,* on a motion to vacate the order under section 133 of the code, that the defendant is not entitled to relief.

(*Burke* v. *Stokely,* 65 N. C., 569, cited and approved.)

MOTION to vacate an Order under C. C. P., § 133, heard at January Special Term, 1880, of DAVIDSON Superior Court, before *Schenck, J.*

This was originally a motion before the clerk of the superior court for leave to issue execution on a judgment obtained by plaintiff against the defendants at spring term, 1868, for the sum of one hundred and fifty dollars, with interest and cost. The clerk gave the order and execution was issued to the sheriff of Forsyth county, who levied on a tract of land as the property of the defendant, A. S. Waggoner, and was proceeding to sell the same when the defendant obtained an order from the judge restraining the plaintiff and sheriff from further proceedings on the execution

until the 10th of May, 1879. The case was then continued until said special term.

Upon the application for the restraining order, it was agreed between the parties that it should be treated as a motion to vacate the order under section 133 of the code.

In addition to the facts already stated, His Honor found the following: That the defendant, A. S. Waggoner, was discharged in bankruptcy on the 9th of October, 1873; the notice of motion was served on the 27th of April, 1878, and the order made by the clerk on the 15th of May, 1878; that when the sheriff read the notice to the defendant, he informed him that he had his discharge in bankruptcy; the sheriff then told him that he would have to go to Lexington or write to the plaintiff; that at defendant's request, the sheriff promised that he would write, they both thinking that that would do; that the defendant had no further notice of the order until March or April, 1879, when execution was issued against him, and shortly thereafter he served a notice on the plaintiff that he would move to set aside the order upon the ground of excusable neglect, &c.

At the said special term, His Honor ordered and adjudged that the order of the clerk was not made through the mistake, surprise, inadvertence, or excusable neglect of the defendant, A. S. Waggoner, that the motion to set aside the same be not allowed; and that the restraining order theretofore granted be vacated. From which judgment the defendant appealed.

*Mr. W. H. Bailey*, for plaintiff.
*Messrs. Watson & Glenn* and *J. C. Buxton*, for defendant.

ASHE, J. We concur with His Honor that the defendant has failed to make out a case of mistake, surprise, inadvertence, or excusable negligence under section 133 of the code. In the case of *Burke* v. *Stokely*, 65 N. C., 569, which was a

much stronger case for the defendant than this, the defendants in that case wrote to an attorney residing in the town where the court was held, and employed him to plead to the suit, stating that they had a meritorious defence. There was no evidence whether he received the letter, but he entered no appearance for defendants; and it was held that the negligence was not excusable. In our case no attorney was employed or written to. The defendant requested the sheriff to write to the plaintiff, but whether he did so does not appear. But even if he did, that would not excuse him. He was so indifferent to the proceeding taken against him that he never even inquired of the sheriff if he had written, and gave himself no concern about the matter, until he found the execution in the hands of the sheriff. There was very gross negligence on the part of the defendant.

There are other views of this case that might have been considered by the court but for the agreement of counsel that the case "should be treated as a motion to vacate the order under section 133 of the code." Under that view of the case there was no error. Let this be certified to the superior court of Davidson county.

No error.                              Affirmed.