HARVEY BECKWITH v. MINING CO.

*Execution—Motion to set aside sale under.*

1. A sale under execution will not be set aside on the ground of inadequacy of price, unless it suggests undue advantage or is connected with circumstances of fraud or mistake ; in such case, the party complaining has the right to have the facts found.

2. A plaintiff at whose instance an execution issues, or any other party interested, may move to set aside the sale on the ground of inadequacy of price.

MOTION to set aside a sale of lands, made under an execution, heard at July Special Term, 1882, of GASTON Superior Court, before *Gudger, J.*

The execution issued under a judgment which the plaintiff of record recovered in the superior court against the defendant, (The King's Mountain Mining Company) for the sum of $2,711.72. In the judgment, after premising that the defendant was a corporation, and had given a mortgage upon all its property within the state, but that the plaintiff's debt existed prior thereto, it was declared by the court that the said debt should constitute the first lien upon said property, and unless discharged by a given day, that then the sheriff shall proceed to execute the same in the mode prescribed by law for sales under execution.

This judgment the plaintiff caused to be docketed, and after the expiration of the time fixed by the judgment, he procured execution to issue, which the sheriff levied on the lands known as the "King's Mountain Mining Company," comprising some 485 acres, including the gold mines and buildings and machinery belonging thereto; and on the 5th day of May, 1882, the same was sold, and R. W. Sandifer became the purchaser at the price of one hundred dollars.

At the ensuing term of the court, the plaintiff moved that said sale be set aside and a new sale ordered; accompanying his motion with the affidavits of his attorney and the sheriff, as to the gross inadequacy of the price bid, and also with an offer to increase the bid ten per cent. The purchaser, representing himself and the defendant company, resisted the motion, filing counter-affidavits, setting forth that the property was all subject to prior mortgages and

older judgments, and that the sale had been fairly and openly conducted.

The judge after hearing argument of counsel, "refused to pass upon the plaintiff's offer to increase the bid, or the question as to the inadequacy of the price, being of the opinion that as the sale had been made under a decree and execution in favor of the plaintiff, and therefore at his instance, the law would not entertain or hear a motion from him to set aside the sale, and that he had no standing in court." The motion was accordingly overruled and the plaintiff appealed.

*Messrs. Burwell & Walker*, for plaintiff.
*Messrs. G. F. Bason* and *Hoke & Hoke*, for defendant.

RUFFIN, J. If His Honor had entertained the plaintiff's motion, and in the exercise of a legal discretion refused it upon the ground that he did not under the circumstances of the case regard the inadequate price bid a sufficient reason for disturbing the sale, this court would in all probability have felt itself bound to concur in that decision. As a general thing, mere inadequacy of consideration, standing alone and disconnected with any circumstance of fraud or surprise, is not a sufficient cause for setting aside a sale under execution. Such is the rule now generally adopted in the courts, and, though it may sometimes work particular hardships, is found to be best on the whole, as well for the parties as purchasers and the public, as tending to give certainty and stability to sales under process issuing from the courts.

But still, inadequacy of price, if combined with any other circumstances calculated to throw suspicion upon the sale, or if in itself so gross as to be suggestive of mistake or undue advantage, may prevail with the court from which the process issued, to dispense with the sale and order a resale;

and at all events, a party complaining of it has a right to have the facts ascertained, in order that the court may act understandingly in the matter.

Now, as we understand the ruling in the court below, His Honor declined out and out to consider the plaintiff's motion or to hear the evidence tendered in support of it, holding it to be a conclusion of the law, that under no circumstances can a plaintiff, at whose instance a judgment has been rendered and an execution issued, be heard to complain of the sale because of its inadequacy, however gross or glaring it may be.

We know of no authority going to support the distinction, which His Honor seems to make, between a plaintiff and any other party who may be interested in the matter. On the contrary, it is said in Freeman on Executions, § 305, that " the plaintiff, the defendant, and the purchaser, may each be aggrieved by a sale under execution, and therefore each is entitled to prosecute a motion to set it aside;" and upon a reference to the adjudged cases upon the subject, we find that in a large number of them the motion to set aside came from the plaintiffs in the judgments, at whose instance the executions had issued. For this error the judgment must be reversed, though we confess we have reached this conclusion after considerable hesitation.

There seems to be no suggestion of fraud in the case, nor of any circumstance of surprise or undue advantage, and if permitted, therefore, to examine for ourselves the affidavits filed, we might be able to see that His Honor's ruling was in fact right, though supported by an incorrect reason. But this court, in such a case as this, cannot consider the evidence, but must act exclusively upon the facts as found in the court below, and the error consists in finding no facts, either for its own guidance or the guidance of this court. The only legal proposition declared by His Honor is, as we have seen, unsupported by the authorities. There is error. Reversed.