### JOHN H. WEIR v. JOHN T. WEIR.

(Filed 14 November, 1928.)

**1. Execution—Sale—Manner, Conduct, and Validity of Sale.**

The sheriff at the sale under execution of a judgment must conduct the sale in a prudent and just manner so as to realize a fair price for the property thus sold, or the sale will be voidable upon motion in the cause made by a party whose rights are thereby affected.

**2. Same.**

The mere fact that the property sold at an execution sale was *en masse,* or that the price it brought was inadequate, will not suffice in equity to set the sale aside in the absence of allegations and proof of elements of fraud, unfairness, oppression, or undue advantage on the part of the sheriff or purchaser at the sale.

**3. Same—Equity.**

Where property is sold under execution of a judgment, gross inadequacy of price may be considered in equity with other evidence of fraud or unfairness in the sale, though standing alone it is insufficient for the interference of the courts.

**4. Same—Title and Rights of Purchaser—Upset Bids.**

An execution sale, when closed, is not subject to an upset bid, C. S., 2591, 3243 not being applicable thereto. C. S., 671.

APPEAL by W. H. Collins from *Townsend, Special Judge,* at May Term, 1928, of UNION.

Motion by Mrs. M. J. M. Weir and W. H. Wood, executors under the will of John H. Weir, deceased, to set aside and declare void a sale of lands, made under execution, issued in the present cause, to satisfy the judgment of $3,700, and interest, rendered during the lifetime of John H. Weir.

Movants ask that the sale be set aside and a resale ordered upon four grounds:

1. For that the deputy sheriff, B. Frank Niven, who conducted the sale, offered the property *en masse,* and declined to sell only a part of it that day, as requested by R. Lee Weir, son of Mrs. M. J. M. Weir, who attended the sale for the purpose of bidding on the property and protecting the interests of his mother.

2. Because, from a conversation had with B. Frank Niven, deputy sheriff, just prior to the sale, the said R. Lee Weir was put under the impression that the bid, made on that date, could be upset at any time within twenty days by filing an increased bid of ten per cent, which was offered within said time, and is still subsisting.

3. That the bid of "three hundred ten dollars and taxes," made by W. H. Collins, who became the last and highest bidder at said sale, was

ambiguous and uncertain, in that, the property was sold subject to three mortgages, according to announcement, while the amount of taxes, and the number of years due, was not stated, and this "disconcerted and surprised" the said R. Lee Weir, by reason of which he was "misled and deceived, without fault on his part, when he could and would have bid a substantially larger sum than the amount of W. H. Collins' bid, if said bid had been explicit in amount and unambiguous in its terms."

4. That the bid of W. H. Collins is entirely inadequate for the property sold; and, if allowed to stand, movants will realize only a small sum to be applied on the judgment rendered herein, whereas a much larger amount could and would be obtained on a resale. But the extent of the alleged inadequacy is not stated.

The clerk found the facts substantially as alleged by the movants, and upon such finding, vacated and set aside the sale as requested. This order was approved by the judge of the Superior Court, and the purchaser, W. H. Collins, appeals, assigning errors.

*H. B. Adams for movants.*
*John C. Sikes for W. H. Collins, appellant.*

STACY, C. J., after stating the case: That the movants have properly proceeded by motion in the cause is established by the decisions in *Williams v. Dunn*, 163 N. C., 206, 79 S. E., 512, *Beckwith v. Mining Co.*, 87 N. C., 155, and *Foard v. Alexander*, 64 N. C., 69. And that they are entitled to make such motion is supported by the decisions in *Andrews v. Pritchett*, 72 N. C., 135, and *McCanless v. Flinchum*, 98 N. C., 358, 4 S. E., 359.

"It is clearly the duty of a sheriff to conduct his sales in a prudent and just manner, so as to realize a fair price for the property sold. And if he does otherwise, the sale is voidable. Voidable by whom? The general answer is, voidable by any person injured thereby; by the defendant in the execution; by the plaintiff in the execution; by any creditor of the execution debtor." *Andrews v. Pritchett, supra.*

But it has been held with us in a number of cases that an execution sale, when closed, is not subject to an upset bid—sections 688 (superseded by chapter 255, Public Laws 1927), 2591 and 3243 of the Consolidated Statutes not being applicable to execution sales—and, when regularly made, such sale is not to be set aside, except for some trick, artifice, fraud, oppression or undue advantage, which must be alleged and proved, with each case to be judged by its own facts. C. S., 671, *et seq., Burton v. Spiers*, 92 N. C., 503; *Bank v. Graham*, 82 N. C., 489; *Beckwith v. Mining Co.*, 87 N. C., 155; *Black v. Justice*, 86 N. C., 504; *Crews v. Bank*, 77 N. C., 110; *Woodley v. Gilliam*, 67 N. C., 237;

*Hill v. Whitfield,* 48 N. C., 120; *Bailey v. Morgan,* 44 N. C., 352; *Smith v. Greenlee,* 13 N. C., 126; *Oxley v. Mizle,* 7 N. C., 250; *Brodie v. Seagraves,* 1 N. C., 96.

A sale *en masse* is not void, but will be supported where no fraud or unfairness is shown either on the part of the sheriff or the purchaser. *Williams v. Dunn, supra; McCanless v. Flinchum, supra; Jones v. Lewis,* 30 N. C., 70; *Huggins v. Ketchum,* 20 N. C., 550.

Nor is inadequacy of price alone sufficient to avoid the sale. *Davis v. Keen,* 142 N. C., 496, 55 S. E., 359; *Trust Co. v. Forbes,* 120 N. C., 355, 27 S. E., 43. But gross inadequacy of consideration, when coupled with any other inequitable element, even though neither, standing alone, may be sufficient for the purpose, will induce a court of equity to interpose and do justice between the parties. *Worthy v. Caddell,* 76 N. C., 82; 17 A. & E. (2 ed.), 1003; note: 42 L. R. A. (N. S.), 1198.

A careful examination of the record leaves us with the impression that no sufficient facts have been presently established from which it may be reasonably inferred that the sale should be set aside. However, the movants may yet show, if they can, such facts and circumstances as will entitle them to the relief sought.

Error.