THE SCOTT REGISTER COMPANY, INC., v. T. W. HOLTON.

(Filed 18 March, 1931.)

1. **Execution E b—In this case held: remedy of defendant to stay execution was ,by motion in the cause in county from which writ was issued.**

   Where execution against the property of a defendant is issued under a judgment, the court issuing the execution may, in proper instances, withdraw the process itself, or stay it by granting a supersedeas, and where the defendant has not applied for this remedy but seeks to enjoin the execution issued to another county against his property therein, on motion made by special appearance, the proceedings in the county other than that in which the judgment was rendered will be dismissed.

2. **Same—Remedy against execution will not ordinarily be granted where property has been sold and is in hands of innocent purchaser.**

   The Superior Court rendering a judgment will not grant the remedy of withdrawing or staying its execution issued thereunder against an innocent purchaser at the execution sale or one who is not a party to the proceedings.

APPEAL by defendant from *Small, J.,* 5 September, 1930. From CRAVEN. Affirmed.

At March Civil Term, 1929, of the Superior Court of Guilford County, N. C., plaintiff recovered judgment against the defendant for

$750 and interest. The plaintiff by claim and delivery proceedings in the action took possession of the property mentioned in the complaint: One No. 88 10-foot Oreole Non-illuminated Case complete with Frigidaire. The judge appointed a commissioner to sell said property.

Plaintiff contends that a sale was duly made and in the record acknowledges receipt of $300 from the sale. This judgment was duly docketed in Craven County, N. C., on 10 April, 1929. Thereafter, on 9 May, 1930, the clerk of the Superior Court of Guilford County, N. C., issued an execution to the sheriff of Craven County, setting forth the judgment with no credit on it and commanding the sheriff "to satisfy the said judgment out of the personal property of the said defendant within your county; or if sufficient personal property cannot be found, then out of the real property in your county belonging to such defendant on the day when the said judgment was so docketed in your county, or at any time thereafter, in whose hands soever the same may be," etc.

Thereafter on affidavit the defendant applied to Judge Small, holding the Superior Court in Craven County, N. C., for an injunction, alleging several matters. The plaintiff entered special appearance and moved to dissolve the temporary injunction theretofore issued. On 5 September, 1930, Judge Small rendered the following judgment:

"This cause coming on to be heard on the pleadings filed by the defendant, T. W. Holton, and it appearing to the court and the court finds as facts that no summons issued and no complaint was filed in the cause by the defendant, Holton; that the affidavit of the defendant contained no allegation of irreparable damage nor any allegation of the insolvency of the plaintiff, and that the affidavit upon which the writ was predicated was not verified as the law requires for the complaint in an action, and finds that execution issued out of Guilford County and not Craven, and no motion in the cause was made in Guilford: It is, therefore considered, ordered and adjudged, after due consideration for the reasons above set out and found as facts, upon motion of plaintiff's counsel by special appearance, and argument of counsel for both sides, that the temporary injunction issued in the above-entitled cause be, and the same is, hereby dissolved, and the action dismissed, at defendant's cost."

The defendant excepted and assigned error and appealed to the Supreme Court.

*Ernest M. Green, special appearance for plaintiff.*
*Lon J. Moore for defendant.*

CLARKSON, J. We can see no error in the judgment of the court below. It has been said that an execution "is the end and life of the law," and it is to give effect to the judgment on which it is issued.

Under C. S., 669, it is issued from and returned to court of rendition. Under the facts and circumstances of this case, we think defendant's remedy was a motion in the cause before the clerk of the Superior Court of Guilford County, N. C., where the judgment was rendered. On the record, as it appears at the present time, we see no reason why defendant cannot now pursue that remedy.

*Nash, J.,* in *Greenlee v. McDowell,* 39 N. C., at p. 484, said: "The Court can, and, upon a proper case made, supported by affidavits, will withdraw the process itself, or stay an execution by granting a supersedeas."

In *Williams v. Dunn,* 158 N. C., at p. 401-2, we find: "The right to recall an execution by notice and motion in the court from which same was issued is usually the proper method of obtaining redress for irregularities affecting its validity. *Aldridge v. Loftin,* 104 N. C., 122; *Beckwith v. Mining Co.,* 87 N. C., 155; *Faison v. McIlwaine,* 72 N. C., 312; *Foard v. Alexander,* 64 N. C., 69. The remedy will not usually be entertained or allowed after a sale had as against an innocent purchaser who was not a party to the proceedings, but against a party of record or a purchaser who buys with full notice, on motion made in apt time and in furtherance of right, both writ and sale may be quashed. *(Saunders v. Ruddle,* 17 and 18 Ky., 139; *Van Campen v. Snyder,* 4 Miss., 66), and by weight of authority, even after writ returned, 8 Pl. and Pr., p. 470, citing *Meyer v. Baker,* 13 W. Va., 805, and other cases." *Williams v. Dunn,* 163 N. C., 206; *Banks v. Lane,* 171 N. C., 505.

For the reasons given, the judgment of the court below is
Affirmed.