JOHN W. ALDRIDGE v. JAMES H. LOFTIN.

*Execution—Claim and Delivery.*

1. The Clerk of the Superior Court has power to recall an execution improperly issued.
2. A levy by the Sheriff on goods, when he allows them to remain in the hands of the debtor, or when the debtor regains possession after seizure, against the will of the Sheriff, is not a satisfaction of the execution. A levy is only held to be a constructive payment to prevent a wrong.
3. Where, in claim and delivery, the plaintiff takes possession of the property, and a judgment is entered, by consent, that he is entitled to the possession, and the defendant, by some means, subsequently gets possession of the property, the plaintiff is entitled to an execution to retake it.

MOTION, before the Clerk of the Superior Court of LENOIR County to recall an execution, heard on appeal by *Boykin, J.*, at Chambers, on 12th day of December, 1888.

A civil action was brought for the recovery of a horse, or his value, in the Superior Court of Lenoir County, and at February Term, 1888, the following judgment was entered:

" This cause, coming on to be heard, and it appearing to the Court that the facts in the plaintiff's complaint are admitted by the defendant to be true : Now, therefore, it is ordered and adjudged, that the plaintiff recover of the defendant the horse described in the complaint of this cause, and costs of this action.

"JAS. E. SHEPHERD,<br>" <em>Judge, S. C.</em>

The Sheriff had seized the horse and turned him over to the plaintiff, on his filing the usual bond prescribed for the ancillary proceeding of claim and delivery. It did not appear that the defendant had filed any bond or gotten possession of the horse again.

On the judgment given in February, no execution was issued by the Clerk till on December 11, 1888.

On the same day, December 11, 1888, the defendant, through his counsel, Messrs. Loftin & Rountree, made an application to the Clerk by motion for an order on the plaintiff to show cause, at a subsequent time, why the said execution should not be recalled and set aside.

The Clerk granted the application, and issued an order to the plaintiff to show cause on the following day, to-wit, on the 12th day of December, 1888, why said execution should not be recalled and set aside, which order was served on N. J. Rouse, Esq., counsel for plaintiff.

On the following day, at the time appointed, came the defendant, through his counsel, Messrs. Loftin and Rountree, and made their motion to set aside the said execution as above set forth, which motion was resisted by the plaintiff through his counsel, N. J. Rouse, Esq.

The defendant contended that it appeared from the record and papers in this cause, that the horse sued for, and for which this execution was issued, was delivered to the plaintiff by the Sheriff under claim and delivery proceedings in

this cause; that the defendant did not replevy the horse, and that the horse was in the possession of the plaintiff at the time the judgment was rendered, and that that operated to satisfy the judgment, and that no further execution could be issued on that judgment.

This contention was resisted by the plaintiff, who contended that it did not appear from the papers in the cause and the record that the judgment was satisfied.

The motion was heard solely upon the papers and the record in the case.

After hearing argument by counsel for both parties, and considering the matter, the motion of the defendant to set aside the execution was denied. From which judgment defendant appealed to the Judge of the District.

His Honor Judge Boykin made the following order, when the case came before him upon appeal from the ruling of the Clerk:

" At Chambers—In Clinton, North Carolina. Upon considering the foregoing case on appeal, it is adjudged that there is error in judgment of the Clerk. Said judgment is therefore reversed. Let writ of restitution be issued by said Clerk. The plaintiff may have judgment for costs against the defendant."

In this action, the Judge having transmitted his decision, reversing the judgment of the Clerk, herein rendered on December 12, 1888, the parties, by their attorneys, appear before me this day. The plaintiff appealed from the said judgment rendered by the Judge to the Supreme Court.

*Mr. N. J. Rouse,* for the plaintiff.
*M. George Rountree,* for the defendant.

AVERY, J. (after stating the facts). The Clerk of the Superior Court has the power to recall an execution improvidently and improperly issued. Did the execution in this

case fall within that description? The plaintiff, in addition to the ancillary proceeding, filed a verified complaint, alleging in substance that he was the owner of the horse in controversy, and that it was unjustly detained by the defendant to plaintiff's damage. When the case was called for trial, at February Term, 1888, the defendant having filed no answer, admitted through counsel the facts alleged in the complaint, and thereupon the Court gave judgment for the horse and for costs, but no alternative judgment for its value.

Although it appears that the seizure had been made by the Sheriff, by virtue of the order of the Clerk after the suit was brought and the horse was turned over to the plaintiff, it is an admitted fact that, when execution, for the first time, was issued on the judgment, on December 11, 1888, the Sheriff found the horse in the hands of the defendant. How or when he passed into his possession, upon the facts legitimately before this Court we are left to conjecture. A judgment for a horse, and costs, upon a complaint alleging ownership and unlawful detention by defendant, which is unanswered, and admitted, affirmatively, to be true, is such a judgment as the Court had power to render, and is not erroneous or irregular, because it appeared that the horse was seized and delivered by the Sheriff to the plaintiff by virtue of an order of the Clerk made in the ancillary proceeding. Upon such a record, it may be assumed that, for some reason satisfactory to the parties, no objection was made to the judgment for the delivery of the property. Looking for light solely to the record and statement of case on appeal, and leaving out of view any mention of extrinsic facts made by counsel in this Court, we might assume that, either by some arrangement or stratagem, the defendant acquired possession of the horse between the time of the seizure by the Sheriff and the rendition of judgment. But the

argument proceeds upon the idea that the possession changed, in some way, after the judgment was rendered. If that be true, the judgment for the horse cannot be held to have been satisfied, either because the return of the Sheriff on the order of seizure traced him into the hands of the plaintiff, and no replevin bond seemed to have been filed by defendant, or because the horse appears, without explanation, to have passed, since seizure, into the hands of the defendant. We cannot gather from the authorities cited any principle or analogy that can be brought to defendant's aid. If a plaintiff in ejectment, pending the action, took possession of the land in dispute, the defendant might have judgment of nonsuit, upon entering a plea to that effect since the last continuance. *Johnson* v. *Swain*, Busb., 335. But, if no such plea was entered, the plaintiff was entitled to his judgment, and if the defendant re-entered within a year, a writ of possession might be issued and the defendant turned out, just as though the possession had never changed. This was in no sense a judgment for money, and, by virtue of the execution issued on it, the Sheriff could only collect the sum incidentally recovered for costs.

Generally, a levy by the Sheriff on goods, when he allows them to remain in the hands of the debtor, or when the debtor regains possession after seizure, against the consent of the Sheriff, is not deemed a payment of the execution. It is held that a levy will be considered a constructive payment, only to prevent wrong, as when a Sheriff really seizes sufficient property to pay the debt, and will not dispose of it. *In the matter of King and others*, 2 Dev., 341; *Binford* v. *Alston*, 4 Dev., 351.

We conclude, therefore, that there was no sufficient reason why the Clerk should have recalled the execution. There was error in the judgment of his Honor, directing the Clerk to order a writ of restitution to issue, because, as we have already stated, the plaintiff had the right to have execution

issue and have the horse seized. It is too late, after he assented, or did not object, to the rendition, to try to evade its enforcement, or modify it in form, because of some change in his relations to the property in controversy. The order for a writ of restitution ought not to have been issued in this case, unless the judgment had previously been modified so as to constitute a recovery for costs only. There was no attempt to do this, either on the ground of excusable neglect or fraud.

There was error. The order of the Judge made at Chambers is reversed. Let this be certified, to the end that the order for the restitution of the property, made by the Clerk, be vacated, and that an order for the restitution of the horse to the plaintiff may be issued.

Error.