J. W. WILLIAMS v. G. F. DUNN ET AL.

(Filed 20 March, 1912.)

1. Executions—Irregularities—Motion to Quash—Practice.

   Usually, the proper method of obtaining redress for irregularities affecting the validity of an execution is to recall it upon notice and motion in the court from which it was issued.

**2. Same—Parties—Purchasers.**

An execution and sale thereunder may be quashed on motion properly made, as against a party of record or purchaser with full notice, for irregularities affecting its validity, but not as against an innocent purchaser who was not a party.

**3. Executions—Irregularities—Motions to Quash—Courts—Jurisdiction—Clerks of Court.**

Before sale under execution, proceedings may be instituted before the clerk to recall the execution upon grounds affecting its validity, but after return made, and especially when there may be certain equitable claims for adjustment, *semble*, the practice is that the motion should be made before the judge in term.

**4. Same—Interpretation of Statutes.**

The clerk is but a part of our Superior Court, and when a motion to quash an execution and sale under judgment for irregularities affecting the validity of the sale is made before the clerk, and regularly brought before the judge in term, all parties having been duly notified, the judge should retain jurisdiction, and not dismiss the proceedings for want of authority in the clerk to set aside the execution theretofore issued. *Semble*, Revisal, sec. 614, would apply.

APPEAL from *Ferguson, J.*, at January Term, 1912, of LENOIR.

This was a motion to quash an execution and sale had thereunder, heard on appeal from Superior Court Clerk. On the hearing, the court being of opinion that the clerk had no jurisdiction to entertain or act on the motion, entered judgment dismissing the proceedings, and the applicant, John Williams, having duly excepted, appealed.

*Rouse & Land for plaintiff.*
*C. F. Dunn for defendant.*

HOKE, J., after stating the case: It appears of record that on 13 February, 1909, one Jessie Williams having obtained a judgment in a justice's court against John Williams, the present appellant, for $35.12 and interest, caused the same to be duly docketed in the Superior Court of Lenoir County, and on 21 October, 1910, the same was assigned and transferred of record to Charles F. Dunn, cashier of Charles F. Dunn & Sons. That on 8 February, 1911, execution was issued returnable to March term of Superior Court, same being within forty days from

date of issue. That under said execution, on 14 March, 1911, certain real estate of appellant, to wit, three lots in the city of Kinston, was sold by sheriff and the same bought by Charles F. Dunn, cashier, at the price of $125, and same was thereafter, on 13 April, 1911, conveyed by the sheriff to said Charles F. Dunn, etc. That on 2 September, pursuant to notice duly issued and served on Jessie Williams and C. F. Dunn, motion was made to quash said execution and sale, and there were affidavits submitted on part of appellant tending to show various irregularities in the proceedings by which appellant's land was sold, among others, that the execution had been issued within forty days of the term to which the same was returnable and contrary to section 624, Revisal; that the sale was made without proper advertisement, and that by the action of Charles F. Dunn, competitive bidding was in a large measure suppressed or prevented and such purchaser was enabled to bid off the entire property for $125, when either of the three lots was worth over $300, etc.; and appellant professed a willingness and desire to pay to Charles F. Dunn the amount of said judgments had against affiant and costs, etc.

There was affidavit on part of C. F. Dunn in denial of appellant's affidavits and containing averment that the sale was in all respects regular and fair.

On the hearing before the clerk, that officer entered judgment setting aside the execution and sale thereunder, declared same of no effect, and ordered that execution issue restoring the original owner to his property, that an account of rents be taken, etc., and on appeal, as heretofore stated, the judge below reversed the ruling of the clerk and dismissed the proceedings on the ground that the clerk was without jurisdiction to entertain the motion.

The right to recall an execution by notice and motion in the court from which same was issued is usually the proper method of obtaining redress for irregularities affecting its validity. *Aldridge v. Loftin,* 104 N. C., 122; *Beckwith v. Mining Co.,* 87 N. C., 155; *Faison v. McIlwaine,* 72 N. C., 312; *Foard v. Alexander,* 64 N. C., 69. The remedy will not usually be entertained or allowed after a sale had as against an innocent pur-

chaser who was not a party to the proceedings, but against a party of record or a purchaser who buys with full notice, on motion made in apt time and in furtherance of right, both writ and sale may be quashed (*Saunders v. Ruddle,* 17 and 18 Ky., 139; *Van Campen v. Snyder,* 4 Miss., 66), and by weight of authority, even after writ returned, 8 Pl. and Pr., p. 470, citing *Meyer v. Baker,* 13 W. Va., 805, and other cases.

At any time prior to sale the proceedings may be instituted before the clerk, and under certain circumstances it is probable that this course could be pursued at any time prior to the return day of the writ. *Aldridge v. Loftin, supra.*

After return made, however, and especially when there may be certain equitable claims for adjustment, it would seem the better practice that the motion should be made before the judge in term. *Beckwith v. Mining Co., supra.*

Without final decision as to the power of the clerk after sale and return made, we all are of opinion that on the facts presented on this appeal the judge should have proceeded to hear and determine the question presented.

Revisal 1905, sec. 614, it is provided: "Whenever any civil action or special proceeding begun before the clerk of any Superior Court shall be for any ground whatever sent to the Superior Court before the judge, the judge shall have jurisdiction; and it shall be his duty, upon the request of either party, to proceed to hear and determine all matters in controversy in such action, unless it shall appear to him that justice would be more cheaply and speedily administered by sending the action back to be proceeded in before the clerk, in which case he may do so." This well-considered statute, which has done so much to facilitate the efficient administration of justice, has always received the liberal interpretation that would best promote its beneficent purpose (*Roseman v. Roseman,* 127 N. C., 494; *Faison v. Williams,* 121 N. C., 152; *Capps v. Capps,* 85 N. C., 408), and whether the present case comes strictly within its terms or not, it is well understood that the clerk is but a part of our Superior Court, and when a motion of this character is brought before the judge in term, all parties having been duly notified, there is no good reason why the principle expressly

established by this law in all civil actions and special proceedings should not prevail here and the court have full jurisdiction. Speaking to this subject in *Roseman's case,* our present *Chief Justice* has well said: "The Superior Court undoubtedly had authority, under its general equity jurisdiction, to appoint a new trustee to prevent the failure of the trust, if the proceeding had begun by writ returnable to the Superior Court, and even if no writ whatever had been served, if the parties in interest appeared generally; and that is the case, in effect, here, since no appeal was taken. Even if an appeal had been taken from such judgments, it would be an anomaly if a party sued before the clerk, who is a part of the Superior Court, could, on appeal to the judge, have the action dismissed, and thus require the plaintiffs to come right back into the identical court from which they have been dismissed and in which the cause was originally brought, before the clerk of the court."

There was error in dismissing the proceeding for want of jurisdiction, and this will be certified, that the rights involved shall be determined.

Error.