W. S. WINDSOR, ADMINISTRATOR OF THE ESTATE OF JOHN McVAY, v.
FANNY McVAY, UNMARRIED, ET AL.

(Filed 20 June, 1934.)

**Courts A d—Docketing fee of two dollars is not required in appeal from clerk of Superior Court to the judge thereof.**

> Where an appeal is taken from an order of the clerk of the Superior Court to the judge thereof, C. S., 633, 635, the judge has jurisdiction by mandate of C. S., 637, and no "docketing" in a technical sense is involved, and C. S., 7880(88), requiring a tax of two dollars for "docketing" an appeal from a lower court in the Superior Court does not apply, nor is the clerk a "lower court" to the Superior Court with respect to appeals, and the judge acquires jurisdiction without the payment of the tax.

SCHENCK, J., took no part in the consideration or decision of this case.

CIVIL ACTION, before *Alley, J.,* at February Term, 1934, of ROCK-INGHAM.

The defendants made a motion before the clerk of the Superior Court to set aside an order of sale to make assets and to vacate the letters of administration issued to the plaintiff. The clerk refused to vacate said letters and the defendants appealed to the judge. When the cause was heard by the judge the plaintiff moved to dismiss the appeal upon the ground that the two-dollar docketing tax required by statute had not been paid. The trial judge found that the tax had not been paid and decreed "that the said appeal was, therefore, not properly docketed and not properly in the Superior Court, it is now, therefore, ordered, adjudged . . . that the appeal . . . from said judgment be dismissed," etc.

From the foregoing judgment the defendants appealed.

*Glidewell & Gwyn and P. T. Stiers for plaintiff.*
*Sharp & Sharp for defendants.*

. BROGDEN, J. This is a two-dollar case raising the question as to whether the clerk of the Superior Court is a "lower court" within the purview of C. S., 7880(88), Michie's Code, 1931.

This statute provides that upon "docketing an appeal from a lower court in the Superior Court, the plaintiff or appellant shall pay a tax of two dollars," etc.

The Constitution of this State empowers the General Assembly to allot and distribute the residue of judicial power among the constitutional courts or those "which may be established by law," and "provide also a proper system of appeals," etc. Hence the right of appeal is a constitutional right. Can the General Assembly tax this right?

Moreover the Constitution specifies the subjects of taxation. Is the right of appeal included within these subjects?

These might be considered ponderous constitutional questions thrown into the judicial hopper by two dollars. The various Law Reviews, if so minded, might elucidate these matters with formidable learning.

However, for present purposes it is only necessary to navigate shallower waters.

The statute C. S., 7880(88), imposes a tax of two dollars upon "docketing" an appeal from a "lower court."

C. S., 633, provides an appeal from the clerk to the judge, and C. S., 635, provides that the clerk shall prepare the papers and shall "send such statement   .   .   .   by mail or otherwise to the judge," etc. When the judge receives the papers, in any manner, he "has jurisdiction," by mandate of C. S., 637. No "docketing" in a technical sense is involved in the process and hence no tax is demandable.

Furthermore, the clerk is not a "lower court" to the Superior Court with respect to appeals. While he has original jurisdiction in some matters and in the decision thereof may be considered a separate tribunal, nevertheless, all his power is delegated by virtue of his office as clerk of the Superior Court. See *In re Estate of Wright,* 200 N. C., 620, 158 S. E., 192; *Hardy v. Turnage,* 204 N. C., 538, 168 S. E., 823.

A clear statement of the law is made by McIntosh in North Carolina Practice & Procedure, page 63, section 65, as follows: "The clerk of the Superior Court has two distinct functions, and appeals may be taken from his action in either case. As clerk of the court, he keeps the records of the court, issues writs, passes upon questions of pleading and practice, and in certain cases may render judgments; and in all such cases, which are properly pending in the Superior Court, his action as a subordinate officer of the court is subject to review by the judge.

"As a department of the Superior Court, the clerk has jurisdiction to hear and determine certain cases which do not come before the judge in the first instance, such as matters of probate and special proceedings; and it became necessary to determine whether the appellate jurisdiction in such cases was derivative, as in appeals from other courts.   .   .   . To prevent the confusion thus arising in different departments of the same court, it was enacted in 1887 that, when any case begun before the clerk is, 'for any ground whatever,' sent before the judge, he may proceed to hear and determine all matters in controversy, or may, in his discretion, remand the case to the clerk. By reason of this statute, it is held that the appellate jurisdiction is not derivative in any case, even when the clerk had no jurisdiction, but the case is still in the same court for review and for such other action as may be necessary."

Reversed.

SCHENCK, J., took no part in the consideration or decision of this case.