BARNHILL, J., dissenting.
STACY, C. J., and WINBORNE, J., concur in dissent.
The order and decree of the court below indicates the controversy and is as follows:
"This cause coming on to be heard before the undersigned Judge Presiding over the Superior Court of Durham County at the request of counsel for Leon W. Powell, Administrator of the Estate of Joanna Leathers, upon the appeal of the plaintiff duly taken from the order of the Clerk of the Superior Court of Durham County entered on the 4th day of April, 1940, at which hearing in the Superior Court both the plaintiff Mattie Bynum and the defendant. The Fidelity Bank were *Page 111 
represented by their respective counsel, and Leon W. Powell, Administrator of the Estate of Joanna Leathers, appeared through his counsel and tendered a judgment dismissing said appeal which the undersigned declined to sign, to which ruling said defendant in apt time excepted, and both the Administrator and The Fidelity Bank having objected in open Court to the allowance of any change in the said order of the Clerk, and the Court, after hearing the evidence, the argument of counsel and the pleadings, is of the opinion and finds the following to be the facts:
"1. That this is an action brought by the plaintiff against the Fidelity Bank of Durham, North Carolina, by summons issued and complaint filed March 4, 1940, for the recovery of certain funds on deposit in said Bank at the time of the institution of this action in the sum of $10,218.10.
"2. That since the institution of this action Leon W. Powell has been appointed by the Clerk of the Superior Court of Durham County as Administrator of the Estate of Joanna Leathers, and duly qualified and entered upon his duties as Administrator and as such Administrator has without collusion with said Bank also made demand upon The Fidelity Bank, the defendant in this action, for the said funds which are the subject matter of this action prior to the expiration of time to file answer.
"3. That The Fidelity Bank has refused to pay said funds to the said Leon W. Powell, Administrator, and has also refused to pay said funds to Mattie Bynum, the plaintiff in this action.
"4. That The Fidelity Bank, the defendant in this action, on March 21, 1940, filed with the Clerk of the Superior Court of Durham County, under Section 460 of the Consolidated Statutes, a duly verified Petition and Application for Substitution of Party Defendant; that there was also filed therewith an affidavit of E. S. Booth, Vice President of The Fidelity Bank; that the said E. S. Booth, Vice President of The Fidelity Bank, in his said affidavit recited that the said Leon W. Powell, Administrator, was not a party to the said action; that he had made demand against The Fidelity Bank for the money sued for in the above entitled action without collusion with the said The Fidelity Bank, and that the amount of the said fund was $10,218.10, and that the said The Fidelity Bank, upon its verified petition, prayed that it be granted a hearing upon the said petition and application, and that the Court make an order substituting the said Leon W. Powell, Administrator, in its place as a defendant in said action, upon the payment by it into Court of the said sum of $10,218.10, and that it, the Bank, be thereupon discharged from liability on account of said sum to the plaintiff and also to the said Administrator; that a notice of the filing of said petition and of the hearing thereon was served upon the counsel for the plaintiff Mattie Bynum, and also upon the counsel for Leon W. Powell, Administrator; that the plaintiff Mattie Bynum in apt time filed an answer to this petition. *Page 112 
"5. That upon the hearing of the said petition of the said The Fidelity Bank, and its application for the substitution of Leon W. Powell, Administrator, as defendant in said action, the said W. H. Young, Clerk of the Superior Court, having before him the said petition of The Fidelity Bank and application for the substitution of Leon W. Powell, Administrator, as a party defendant, and after argument of counsel and in the presence of counsel for plaintiff and defendant in the above entitled action and in the presence of H. G. Hedrick and C. V. Jones, attorneys for Leon W. Powell, Administrator, who attended the said hearing in response to a notice duly served upon Leon W. Powell, Administrator, announced that he would grant the petition of The Fidelity Bank and substitute the said Leon W. Powell, Administrator, as party defendant upon the payment into Court of the said sum of $10,218.10, and duly made and entered an order to that effect; that the plaintiff Mattie Bynum in apt time tendered findings and duly excepted and appealed from the signing and entry of said order.
"6. That the defendant The Fidelity Bank, through its counsel, Jones Fuller, Esq., has stated in open Court that it claims no interest in the funds which are the subject matter of this controversy.
"7. That the Court is of the opinion that the status quo existing at the time of the death of Joanna Leathers and at the time of the institution of this action should be preserved in so far as possible until the determination of the issues in order that the rights of all the parties involved in this controversy may be fairly and justly protected and decided; that in order to do this The Fidelity Bank is a necessary and proper party defendant and should remain a party to these proceedings to the conclusion of this litigation, without liability, however, for any court costs or expenses, including attorneys' fees, by consent of plaintiff to be hereafter fixed by the Court in connection with the same, and said Bank should hold the funds in controversy in its possession until the termination of this litigation, in order that the same may be disbursed in accordance with such judgment as may be finally entered by the court.
"8. That Leon W. Powell, Administrator of the Estate of Joanna Leathers, is entitled to assert in this action such claim as he may have, if any, against the funds involved, and through his attorneys has made a motion to strike certain portions of the plaintiff's complaint, and has entered an appearance in this action.
"9. That the order heretofore entered by the Clerk of the Superior Court of Durham County on the 4th day of April, 1940, should be set aside to the end that this order may be entered.
"10. That pursuant to the signing of said judgment The Fidelity Bank paid to the Clerk of Superior Court the sum of $10,218.10. *Page 113 
"Now, Therefore, It Is Hereby Ordered, Considered, Adjudged and Decreed:
"(1) That the order of the Clerk of the Superior Court of Durham County heretofore entered on April 4, 1940, be, and the same is hereby set aside.
"(2) That the Fidelity Bank remain a party defendant to this proceeding pending the final determination of the issues involved; that the Clerk of the Superior Court of Durham County repay to the Fidelity Bank the sum of $10,218.10 without cost or deduction, and that said Bank retain in its possession, on interest, said funds in controversy until there has been a final determination of the issues involved in this action; that since The Fidelity Bank is claiming no interest in said funds it is hereby ordered that no court costs in this action be taxed against said Bank, and that by consent of plaintiff at the trial of this action in the Superior Court any expenses of the Bank, including its attorneys' fees, be deducted from said deposit and paid to said Bank; that said Bank is hereby allowed thirty (30) days from the date of the entry of this order in which to answer or otherwise plead to the complaint filed herein.
"(3) That Leon W. Powell, Administrator of the Estate of Joanna Leathers, be, and he is hereby allowed thirty (30) days from the date of this order in which to file pleadings setting forth any claim which he desires to assert against the funds in question in this controversy.
"(4) Leon W. Powell, Administrator of the Estate of Joanna Leathers, having notified the Court through his attorneys that he intended to appeal from the order overruling the motion to strike certain portions of the complaint, The Fidelity Bank is hereby allowed thirty (30) days from the final determination of any appeal from said order in which to file answer or other pleadings in this matter. This the 11th day of May, 1940. Clawson L. Williams, Judge Presiding."
To the signing of the foregoing order, and the rulings of his Honor as contained therein, and to his failure to find facts requested by counsel for defendant Leon W. Powell, Administrator, as set forth in the formal request filed in this cause and presented to his Honor prior to the entry of the foregoing order, the defendant, Leon W. Powell, administrator, excepted, assigned error, and appealed to the Supreme Court. The material exceptions and assignments of error and other material facts will be set forth in the opinion.
The record discloses that the Fidelity Bank of Durham, N.C. did not appeal from the order and decree of the court below. The *Page 114 
defendant Leon W. Powell, administrator of the estate of Joanna Leathers, deceased, alone appealed.
The first question involved, as stated by defendant Powell, administrator, is as follows: "1. Did the Court err in overruling substituted defendant's motions to strike from the complaint paragraphs 3 through 15, or any of them?" We think not.
Mattie Bynum, the plaintiff, brought this action against the Fidelity Bank of Durham, N.C. alleging a donatio mortis causa, made by Joanna Leathers to her in her last fatal illness and impending death, of some $10,166.85 in the said Fidelity Bank.
This motion of defendant Powell, administrator, is premised on the statute — N.C. Code, 1939 (Michie), sec. 537, which is as follows: "If irrelevant or redundant matter is inserted in a pleading, it may be stricken out on motion of any person aggrieved thereby, but this motion must be made before answer or demurrer, or before an extension of time to plead is granted. When the allegations of a pleading are so indefinite or uncertain that the precise nature of the charge or defense is not apparent, the court may require the pleading to be made definite and certain by amendment."
Section 506 provides: "The complaint must contain: . . . (2) A plain and concise statement of the facts constituting a cause of action, without unnecessary repetition; and each material allegation must be distinctly numbered."
The motion of defendant Powell, administrator, was made in apt time.
Section 535 is as follows: "In the construction of a pleading for the purpose of determining its effect its allegations shall be liberally construed with a view to substantial justice between the parties."
The action of plaintiff is bottomed on a donatio mortis causa. "A gift made by a person in sickness, who, apprehending his dissolution near, delivers, or causes to be delivered, to another the possession of any personal goods, to keep as his own in case of the donor's decease. 2 Bl. Comm., 514." Black's Law Dictionary, p. 612.
In Thomas v. Houston, 181 N.C. 92-3, is the following: "To constitute a gift causa mortis not only is an intentional transfer and actual or constructive delivery necessary, but it must be made in view of impending dissolution, or in contemplation of death from a present illness or some immediate peril. 12 R. C. L., 962; Patterson v. Trust Co., 157 N.C. 13;Newman v. Bost, 122 N.C. 524; and Wilson v. Featherston, 122 N.C. 747. As very tersely and succinctly stated in McCord v. McCord, 77 Mo., 166: `To constitute such a gift, it must be made in the last illness of the donor, or in contemplation and expectation of death. There must be a delivery of the subject by the donor, and it is "defeasible by reclamation, the contingency of survivorship, or delivery from peril." *Page 115 
(2 Kent. Com., 444.) It must be a delivery as a gift, and such a delivery, as in case of a gift inter vivos, would invest the donee with the title to the subject of the gift.'"
In 28 Corpus Juris, sec. 137, at pages 703-4, under the section dealing with gifts causa mortis, we find the following language: "Where there is a controversy as to the fact of making a gift of this kind, evidence tending to show a motive and reason for making it is always admissible, especially where the declarations of the donor, or the acts performed which are relied upon to show delivery, are ambiguous. Evidence showing the donor's affection and regard for the donee is admissible. In the case of a gift by a married woman to a person other than her husband, evidence of his ill-treatment of her is admissible as tending to show a reason and motive for making the gift and so preventing the property from descending to her husband." Section 138: "Prior declarations of the donor constituting part of the res gestae, and showing an intent to give the property in dispute to the donee are admissible as tending to show quo animo the act was done, and as corroborative evidence of a gift. A writing signed by the donor, declaring or showing an intention to make a gift of the property in dispute, is admissible. So also his statements showing a state of mind and purpose inconsistent with an alleged gift are admissible to show that no gift was made. Subsequent declarations of the donor in the nature of admissions against interest are admissible in evidence as tending to show that he had given the property in question to the donee. But such declarations are not admissible to defeat a gift consummated by delivery. It has been held that an admission of the donor that he had delivered the property to the donee is competent evidence on the question of delivery."Riggs v. Strank, 89 W. Va. 575, 110 S.E. 183; Bank v. O'Bryne,177 Ill. App. 473;Young v. Anthony, 104 N.Y. Supp., 87.
In proving a gift causa mortis an intentional transfer and actual or constructive delivery is necessary and must be made in view of impending death from present illness. To show the intention of the donor it is proper to allege the setting. As was said in In re Westfeldt, 188 N.C. 702
(711): "The setting surrounding the testatrix when the paper-writings were signed, the home conditions and family relationship, when shown, as was proper and done on the trial below, makes it clear as to the disposition of the property — the persons taking and the things taken."
It is proper for the plaintiff, in order to show the intention of the donor, to allege, as she has in paragraphs 3 through 15 of the complaint, the surrounding circumstances of her relationship to the donor. In order to show the transfer and constructive delivery of the corpus of the gift she must allege facts to show this transfer and delivery. It is also proper for the plaintiff to allege facts concerning the state of the health of the donor and the circumstances surrounding the donor's death. *Page 116 
We have read the complaint with care — it is prolix, but gives a consecutive story, leading up to the alleged donatio mortis causa. We cannot hold that the allegations were irrelevant or redundant, but construing them liberally "with a view to substantial justice between the parties" we think the court below correct in refusing the motion to strike.
In Poovey v. Hickory, 210 N.C. 630 (631), it is written: "The motion under the provisions of C. S., 537, concedes that there are facts alleged in the complaint which are sufficient to constitute a cause of action. Only the propriety, relevancy, or materiality of the allegations sought to be stricken from the complaint are brought in question by the motion, which ought to be allowed only when the allegations are clearly improper, irrelevant, or immaterial. Ordinarily, the plaintiff has the right to state his cause of action in his complaint, as he sees fit or as he may be advised. The allegations may be admitted or denied by the defendant in his answer."
In the recent case of Scott v. Bryan, 210 N.C. 478 (482), Devin, J., for the Court, said: "While an appeal will ordinarily lie from the denial of a motion to strike from the pleadings material allegations of matters which are incompetent or irrelevant and prejudicial, it has been well said in recent opinions by the Court that the questions involved could be better determined by rulings upon the competency of the evidence if and when offered, than by undertaking to chart the course of the trial by passing upon allegations as yet undenied. Hardy v. Dahl, 209 N.C. 746; Pembertonv. Greensboro, 205 N.C. 599.
"While nothing ought to remain in a pleading, over objection, which is incompetent to be shown in evidence, the matter can be determined with greater certainty after consideration of all the pleadings and the evidence adduced on the hearing. Pemberton v. Greensboro, 203 N.C. 514."
The second question involved, as stated by Powell, administrator, is as follows: "2. Did the Court err in reversing the order of the Clerk Superior Court for substitution of Powell, Administrator, as defendant in the place and stead of The Fidelity Bank, in the absence of a finding by the Court that the Clerk Superior Court had abused his discretion or committed error of law in signing the order of substitution?" We think not.
Exceptions and assignments of error 15, 16, 17, and 18, made by Powell, administrator, cannot be sustained. We think the order of the court below contains all necessary facts to be found.
N.C. Code, supra, section 637, is as follows: "Whenever a civil action or special proceeding begun before the clerk of a Superior Court is for any ground whatever sent to the Superior Court before the judge, the judge has jurisdiction; and it is his duty, upon the request of either *Page 117 
party, to proceed to hear and determine all matters in controversy in such action, unless it appears to him that justice would be more cheaply and speedily administered by sending the action back to be proceeded in before the clerk, in which case he may do so."
In construing the above statute, Hoke, J., in Williams v. Dunn,158 N.C. 399 (402-3), said: "This well-considered statute, which has done so much to facilitate the efficient administration of justice, has always received the liberal interpretation that would best promote its beneficent purpose (Roseman v. Roseman, 127 N.C. 494; Faison v. Williams, 121 N.C. 152;Capps v. Capps, 85 N.C. 408), and whether the present case comes strictly within its terms or not, it is well understood that the clerk is but a part of our Superior Court, and when a motion of this character is brought before the judge in term, all parties having been duly notified, there is no good reason why the principle expressly established by this law in all civil actions and special proceedings should not prevail here and the court have full jurisdiction." Hall v. Artis, 186 N.C. 105; Spence v.Granger, 207 N.C. 19 (22).
N.C. Code, supra, section 460, is as follows: "The court either between the terms, or at a regular term according to the nature of the controversy, may determine any controversy before it, when it can be done without prejudice to the right of others, but when a complete determination of the controversy cannot be made without the presence of other parties, the court must cause them to be brought in. When in an action for the recovery of real or personal property, a person not a party to the action, but having an interest in its subject matter, applies to the court to be made a party, it may order him to be brought in by the proper amendment. A defendant against whom an action is pending upon a contract or for specific real or personal property, upon proof by affidavit that a person not a party makes a demand against him for the same debt or property without collusion with him, may at any time before answer apply to the court, upon notice to that person and the adverse party, for an order to substitute that person in his place, and to discharge him from liability to either, on his paying into court the amount of the debt, or delivering the possession of the property or its value to such person as the court directs. The court may make such an order."
Under this section the vice-president of the Fidelity Bank of Durham made affidavit before the clerk (after due notice to plaintiff) "that Leon W. Powell, Administrator of the Estate of Joanna Leathers, and who is not a party to this action, has made a demand against said defendant for the money sued for in this action without collusion with said defendant; that the amount of money which is the subject of this action, together with interest thereon to April 1, 1940, is $10,218.10. That this affidavit is made in support of the petition and application of the above *Page 118 
names defendant to substitute said Administrator as defendant in its place, and to discharge it from liability to the plaintiff and said Administrator upon paying into Court the money which is the subject of this action." The clerk granted the petition of the bank over the objection and exception of plaintiff, who appealed to the Superior Court. See sections 633, 634, 635, 636, and 637.
In In re Estate of Wright, 200 N.C. 620 (629), we find: "As we are of the opinion that Judge Grady acquired jurisdiction of the entire matter, by virtue of the appeal from the orders of the clerk, and therefore had power, in his discretion, to retain the consolidated causes and to appoint a receiver of the estate of R. H. Wright, deceased, the judgment is affirmed."
The last question involved, as stated by defendant: "3. Did the Court err to the prejudice of Powell, Administrator, in retaining the Fidelity Bank as a party defendant, under the facts disclosed in this record?" We think not.
By reference to the order and decree heretofore set forth by the court below, we think the court below fully protected the rights of the appealing defendant. The Fidelity Bank of Durham seems to be satisfied with the order and decree, and does not appeal. We see nothing prejudicial in the judgment. It is just, as it protects all the litigants. The order and decree of the court below is
Affirmed.