JUNE PLEMMONS AND HUSBAND, JAMES PLEMMONS, v. MATILDA CUTSHALL AND HUSBAND, E. L. CUTSHALL, AND SHERMAN TWEED AND WIFE, BELLE TWEED.

(Filed 21 September, 1949.)

**1. Courts § 4c—**

Since the Superior Court acquires jurisdiction of any special proceeding sent to it on any ground whatever from the clerk, with discretionary power in the Superior Court to remand, G.S. 1-276, a motion in the Superior Court to dismiss for want of jurisdiction on the ground that the proceeding was erroneously transferred to the civil issue docket, is untenable.

**2. Boundaries § 9: Adverse Possession § 17—**

The burden is on defendants in a processioning proceeding to establish title by adverse possession when relied on by them, since such claim of adverse possession constitutes an affirmative defense.

**3. Boundaries § 10—**

Where in a processioning proceeding it appears that the parties are owners of adjoining tracts and that a *bona fide* dispute exists between them as to the location of the dividing line, nonsuit is not proper.

**4. Same: Parties § 9: Trial § 21—**

Nonsuit on the ground of want of necessary parties is improper, but if other parties are necessary to a final determination of the cause, the court should order a continuance to provide a reasonable time for them to be brought in and to plead. G.S. 1-73.

APPEAL by plaintiffs from *Clement, J.,* at February Term, 1949, of MADISON. Reversed.

Processioning proceeding under G.S. Chap. 38, to locate and establish a disputed boundary line between adjoining property owners.

The plaintiffs allege that they and defendants own adjoining tracts of land and that the true dividing line is in dispute. Defendants, answering, admit they and plaintiffs are adjoining property owners, plead the indefiniteness of the line as claimed by plaintiffs as set forth in their complaint, and allege ownership by adverse possession for more than twenty years. They do not describe the true line as contended for by them or plead adverse possession under color of title.

The clerk, being of opinion the pleadings raised an issue of title to real estate, transferred the cause to the civil issue docket for trial.

During the trial in the court below, the court announced that it had concluded that it is necessary to bring in other parties to the end that the whole controversy may be determined and that "judgment even after verdict could not be signed . . . he could not sign a judgment in the matter even if proceeded with to the jury and a verdict." Plaintiffs moved for time to bring in other parties and for a continuance to that end. The motion was denied. Then, after defendants had examined another witness but before plaintiff closed, the court, on motion of defendants, entered judgment of nonsuit. Plaintiffs requested that the judgment show the case is dismissed for lack of necessary parties. The court replied that it was being dismissed because plaintiffs had failed to make out a case. Judgment of nonsuit was entered and plaintiffs excepted and appealed.

*Calvin R. Edney and Geo. M. Pritchard for petitioner appellants.*
*Carl R. Stuart for respondent appellees.*

BARNHILL, J. The appellees here assert that the case was improperly transferred to the civil issue docket and by reason thereof the judgment should be sustained for want of jurisdiction. This position is untenable.

The clerk is but a part of the Superior Court. *Williams v. Dunn,* 158 N.C. 399, 74 S.E. 99; *Bynum v. Bank,* 219 N.C. 109, 12 S.E. 2d 898. Whenever a special proceeding begun before him is, for any ground whatever, sent to the Superior Court before the judge, the judge has jurisdiction. G.S. 1-276; *McDaniel v. Leggett,* 224 N.C. 806, 32 S.E. 2d 602, and cases cited. This rule applies to a processioning proceeding. *Hill v. Young,* 217 N.C. 114, 6 S.E. 2d 830.

While it may be the court below could have remanded the cause, his failure to do so may not be held for error. G.S. 1-276; *York v. McCall,* 160 N.C. 276, 76 S.E. 84.

While the court surveyor ran many lines, apparently for the purpose of locating the disputed boundary, neither his testimony nor the court map definitely points out this line. The record is so lacking in clarity

it is difficult, if not impossible, to determine with assurance just which line is at issue.

The jurors found themselves in the same quandary. During the progress of the trial, one juror stated: "This jury would like to definitely know so that we can follow the witness: what is the dispute; we want to know if they will point out on this map just what is in dispute." Counsel then, at the suggestion of the court, agreed that a small diamond shaped tract, lines 3-4-5-6-3 on the map, is in dispute. Although the testimony seems to indicate that the mill tract or the boundary lines thereof is also in dispute, counsel for defendants stated they owned it. As counsel for plaintiffs did not challenge this statement, we assume it to be true.

This small tract joins plaintiffs' main boundary at point 3 on the map. They offered evidence tending to show record title thereto which would fix the dividing line as 3-4-5 on the map.

The defendants assert ownership by adverse possession of substantially all the small tract. But this is an affirmative defense and the burden of establishing it rests on them. *Hill v. Young, supra; Cornelison v. Hammond,* 225 N.C. 535, 35 S.E. 2d 633.

Thus it appears the parties are adjoining landowners and that there is a *bona fide* dispute as to the true location of the boundary line, which dispute puts the title to a small part of the land in issue. Judgment of nonsuit was not in order. *Cornelison v. Hammond, supra.*

We are unable to perceive why it was deemed necessary to bring in other parties. If it was necessary so to do, the court should have ordered a continuance so as to provide a reasonable time for them to be brought in and to plead. Absence of necessary parties did not warrant a nonsuit. G.S. 1-73; *Joyner v. Fiber Co.,* 178 N.C. 634, 101 S.E. 373; *Jones v. Griggs,* 219 N.C. 700, 14 S.E. 2d 836; *Moore v. Massengill,* 227 N.C. 244, 41 S.E. 2d 655; *Griffin & Vose, Inc. v. Minerals Corp.,* 225 N.C. 434, 35 S.E. 2d 247.

Whether other parties are necessary for a complete determination of the controversy is still open for the court below to decide. Such action is not precluded by this opinion.

If the location of lines other than those indicated is at issue, counsel may attribute the oversight on our part to the state of the record. In any event, neither party could be prejudiced thereby for there must be a new trial at which any issue properly arising on the pleadings and testimony may be submitted to the jury.

Reversed.