THOMAS B. WOODY, DALLAS RAMSEY, RALPH RAMSEY, J. C. GAL-
  BREATH, LOUISE AND TOM OLIVER, JUNIOUS DUNN, FRANKLIN
  JOHNSON, AUBREY BARNETT, AND THE BOARD OF EDUCATION OF
  PERSON COUNTY, NORTH CAROLINA, v. HUBERT H. BARNETT
  AND WIFE, BESSIE BARNETT, AND JAMES GARLAND BARNETT.

(Filed 1 February, 1952.)

1. **Highways § 15—**

Each section of State highway which has been abandoned but which remains open and in general use as a necessary means of ingress to and egress from the dwelling house of one or more families is established as a neighborhood public road by G.S. 136-67.

**2. Highways § 15—**

A proceeding to have a section of abandoned State highway "declared" a neighborhood public road is properly instituted before the clerk, G.S. 136-67, the prayer that the section of road be "declared" a neighborhood public road meaning "judicially determined" rather than a request for a declaration of the rights of the parties under the Declaratory Judgment Act.

**3. Courts § 4c—**

A proceeding instituted before the clerk to have an abandoned section of State highway declared a neighborhood public road is not subject to demurrer on appeal to the Superior Court even if it be conceded that the proceeding is one under the Declaratory Judgment Act, since if the clerk exceeded his authority the Superior Court would nevertheless obtain jurisdiction, the clerk being but a part of the Superior Court and the Superior Court having the right to proceed as though no action had been taken by the clerk other than to transfer the cause to the civil issue docket.

**4. Highways § 16: Pleadings § 31—**

In a petition to have a section of abandoned State highway declared a neighborhood public road, allegations to the effect that a school was situated at each end of the abandoned section of road and that the road constituted the most direct route between the two institutions, though evidentiary, are germane as tending to show that the road remained open and in general use, and the refusal of respondents' motion to strike such allegations will not be held prejudicial.

**5. Appeal and Error § 40f—**

Refusal to strike evidentiary allegations which are germane to the inquiry ordinarily is not prejudicial, certainly where the proceeding presents questions of fact for the court rather than issues of fact for a jury.

Appeal by plaintiffs and defendants from *Frizzelle, J.,* April Term, 1951, Person.

Proceeding instituted before the clerk to have a section of a public highway abandoned by the Highway Commission declared a public neighborhood road under G.S. 136-67, heard on demurrer to the petition and motion to strike allegations therein.

The petitioners make the allegations necessary to bring the abandoned section of Highway 57, described in the petition, within the provisions of G.S. 136-67. They further allege that defendants own land bordering on the east side of said road at the southern end thereof where it enters Highway 57 and have threatened and are threatening to close the south end thereof, along their property, to traffic by petitioners and others.

They also allege in paragraph 3 that the County Board of Education has constructed and maintains a Negro consolidated high school near the south end and a Negro consolidated grammar school near the north end of said segment of road, and said road is the most direct route between

the two schools for school buses and other vehicles and is being used generally by such vehicles.

They further allege in paragraph 2 that the Foushee estate owned property lying on both sides of said road, that the executor subdivided and platted the property, that said plat, which was duly recorded, shows said road with lots facing on each side thereof, that lots were sold as per said plat to petitioners and others and some of petitioners have erected homes on the respective lots purchased by them, and that "the executor at the time of the said sale recognized the existence of said public road as a necessary course of travel to the purchasers of said property, as well as to the public generally."

They pray:

"1. That the court declare as a fact and as a matter of law that said road is a neighborhood road serving a public use as a means of ingress and egress for one or more of the petitioners in accordance with the public laws of North Carolina, General Statutes 136-67, 136-68, 136-69 and 136-70.

"2. That the court declare said road to be a neighborhood public road of the width of 30 feet."

The defendants appeared before the clerk and demurred to the petition for that the clerk has no jurisdiction to grant the relief therein prayed. They also moved to strike that part of paragraph 2 of the petition above quoted and paragraph 3 relating to the two schools now maintained on and using said road as a means of ingress and egress. The clerk overruled the demurrer but granted the motion to strike paragraph 3 and the indicated portion of paragraph 2. Petitioners appealed.

On the hearing of the appeal in the court below, the judge affirmed the judgment of the clerk in overruling the demurrer and striking the quoted part of paragraph 2 but reversed the same insofar as it strikes paragraph 3 of the petition. Both plaintiffs and defendants excepted and appealed.

*R. B. Dawes, Thomas B. Woody, Jr., R. P. Burns, and R. P. Reade for petitioner appellees.*

*Gaither M. Beam and Davis & Davis for defendant appellants.*

Barnhill, J. The plaintiffs failed to perfect their appeal. The same has been dismissed under Rule 17. Hence the questions raised by the appeal of the defendants are the only ones posed for decision.

G.S. 136-67 converts into neighborhood public roads "all those portions of the public road system of the state which have not been taken over and placed under maintenance or which have been abandoned by the state highway and public works commission, but which remain open and in general use as a necessary means of ingress to and egress from the dwelling house of one or more families." That is to say, the easements

theretofore owned by the State in and to such segments of abandoned road are retained and reserved by the State for use by the public, not as public highways but as neighborhood public roads. Every segment of public road which has been abandoned as a part of the State road system coming within the terms of the statute is thus, by legislative enactment, established as a neighborhood public road.

All the petitioners seek in this proceeding is to obtain a judicial declaration of the existence of those facts which are necessary to bring the road in question within the definition contained in the statute, so as to procure the establishment thereof as a neighborhood public road as a matter of public record. They do not invoke the provisions of the Declaratory Judgment Act. The word "declare" as used in the prayer for relief means and was intended to mean "judicially determine" or "establish the existence of" the facts essential to show that said road has already, in fact, been established by the Legislature as a neighborhood public road.

The Legislature has vested in the clerks of the Superior Courts of the State jurisdiction over proceedings relating to the establishment, maintenance, alteration, discontinuance, or abandonment of neighborhood public roads, church roads, and cartways. This authority is contained in Art. 4 of Chap. 136 of the General Statutes. The pertinent section of the Code, G.S. 136-67, is the first section thereof. Proceedings under this article of the Code ordinarily involve questions of fact rather than issues of fact. An expeditious method of entertaining and disposing of such proceedings, without unnecessarily cluttering the civil issue docket of the Superior Court, was desired. To this end jurisdiction was vested in the clerk.

In view of the general scope of the jurisdiction vested in the clerk by said article and the inclusion therein of the provisions of law here invoked by the petitioners, it would seem to follow that this proceeding was properly instituted before, and should be disposed of initially by, the clerk of the Superior Court of Person County.

But let us concede that this is in fact a proceeding under the Declaratory Judgment Act in which the petitioners seek to have their rights and status under the statute, G.S. 136-67, in respect to such easement, judicially determined and declared as provided by said Act. Even so, the demurrer is without merit and was properly overruled.

The office of the clerk of the Superior Court is the main reception room of the Superior Court. It is but a part of that institution which is devoted to the administration of legal remedies. *Windsor v. McVay,* 206 N.C. 730, 175 S.E. 83. The clerk is the officer in charge, as a servant of the court, *Turner v. Holden,* 109 N.C. 182; he is possessed of jurisdiction to grant many of the remedies afforded by the law. In so doing he is but a part of the Superior Court. *Perry v. Bassenger,* 219 N.C. 838,

15 S.E. 2d 365. That he may have exceeded his authority affords no cause for booting the petitioners out of court. *Williams v. Dunn,* 158 N.C. 399, 74 S.E. 99; *In re Anderson,* 132 N.C. 243. Instead, the judge should proceed as if the clerk had taken no action other than to transfer the cause to the proper docket. *Perry v. Bassenger, supra.*

"Where the clerk exceeds his authority, *Hodges v. Lipscomb,* 133 N.C. 199, 45 S.E. 556, or has no jurisdiction, *Roseman v. Roseman, supra* (127 N.C. 494), and the cause for any ground is sent to the judge, the judge may retain jurisdiction and dispose of the cause as if originally before him. *Perry v. Bassenger, supra.*" *McDaniel v. Leggett,* 224 N.C. 806, 32 S.E. 2d 602; G.S. 1-276; *Moody v. Howell,* 229 N.C. 198, 49 S.E. 2d 233; *Plemmons v. Cutshall,* 230 N.C. 595, 55 S.E. 2d 74; *Bailey v. Davis,* 231 N.C. 86, 55 S.E. 2d 919; *In re Estate of Johnson,* 232 N.C. 59, 59 S.E. 2d 223.

Therefore, in any event, the demurrer was properly overruled.

The allegations made in paragraph 3 of the complaint contain facts tending to show that the segment of abandoned road in question here remains "open and in general use as a necessary means of ingress to and egress from" not only the dwelling house of one or more families but also to and from two important county institutions. While the allegations are evidentiary in character, they are not of such prejudicial nature as to require a reversal. *Hinson v. Britt,* 232 N.C. 379, 61 S.E. 2d 185. This is particularly true in the light of the fact the petition presents questions of fact for the court rather than issues of fact for a jury.

The judgment entered in the court below is

Affirmed.