STATE OF NORTH CAROLINA ON THE RELATION OF J. PAUL WILSON, v.
LARRY M. PEARSON, JR.

(Filed 21 September, 1955.)

**1. Appeal and Error § 40f—**

The order of the court in striking or refusing to strike certain allegations
of the pleadings will not be disturbed on appeal in the absence of a showing
of prejudice.

**2. Pleadings § 31: Elections § 18b—**

In *quo warranto* proceedings, an allegation that certain ballots were
illegal and void states no more than a conclusion, and the trial court should
permit the allegation of sufficient facts to remain in the pleading to disclose
that the ballots challenged were void for the reason that the voters casting
them were nonresidents of the municipality in which the election was held.

WINBORNE and HIGGINS, JJ., took no part in the consideration or decision of
this case.

APPEAL by relator and defendant from *Pless, J.,* June Term, 1955,
RUTHERFORD.

*Quo warranto* proceedings to try title to the office of Mayor of Lake
Lure, heard on motion to strike allegations contained in the pleadings.

When the cause came on for hearing, the court below allowed the
motion in part and denied the same in part. Both relator and defendant
excepted and appealed.

*B. T. Jones, Jr., for appellant Paul Wilson.*
*S. P. Dunagan and Hamrick & Jones for defendant appellant.*

PER CURIAM. On appeal to this Court from an order entered in the
court below on a motion to strike allegations contained in the pleadings,
the appellant must show prejudicial error. *Hinson v. Britt,* 232 N.C.
379, 61 S.E. 2d 185; *Woody v. Barnett,* 235 N.C. 73, 68 S.E. 2d 810.

The complaint contains a prolix statement of evidentiary facts which
were stricken by the court below. The allegations which remain in the
complaint are sufficient to enable the trial judge to rule on the evidence
tendered in the form and manner in which it is offered except in one
respect.

The relator alleges in paragraph 10 that two of the ballots cast for
the defendant "were illegal and void, said ballots being those cast by
Charles R. Yopp and his wife, Mrs. Charles R. Yopp." Standing alone,
this is nothing more than a conclusion. Therefore, the court erred in
striking that part of the complaint in which the relator alleges that said
Yopp and wife lived outside the corporate limits of Lake Lure "and that

they failed to establish a new home or permanent residence in the Town of Lake Lure as required by law to qualify one to vote therein, and had no intent so to do." That is to say, the allegation should be to the effect that the ballots of said Yopp and wife "were illegal and void for the reason that they were nonresidents of the Town of Lake Lure at the time of said election." The court below may permit the relator to amend accordingly.

The judgment entered must be modified in accord with this opinion, and as so modified, it is affirmed.

Modified and affirmed.

WINBORNE and HIGGINS, JJ., took no part in the consideration or decision of this case.