TOWN OF HUDSON, a Municipal Corporation v.
O. P. FOX and wife, IDA FOX.

(Filed 17 October 1962.)

Courts § 6—

Where order of the clerk in condemnation proceedings is appealed to the Superior Court, the Superior Court acquires jurisdiction of the whole proceeding, and has the discretionary power to set aside an order of the clerk appointing commissioners to assess the damages when there is no evidence tending to show that respondents received any notice of petitioner's amendment to the petition, the order appointing the commissioners, or their report.

Appeal by petitioner from Froneberger, J., March-April Term 1962 of Caldwell.

This is a condemnation proceeding instituted by the Town of Hudson, a municipal corporation, before the Clerk of the Superior Court of Caldwell County, North Carolina, to condemn a 30-foot right of way for a street in said Town of Hudson. The summons was issued on 5 May 1961 and served on the respondents on 10 May 1961.

Respondents filed a motion with said Clerk on 13 May 1961, requesting that a survey be made of the area proposed to be taken for street purposes. The Clerk on 13 June 1961 ordered that such survey be made and that "the results be filed with him by June 19, 1961."

On 19 June 1961, the petitioner filed an amendment to the original petition, amending the description and showing by metes and bounds the roadway to be condemned.

On 18 August 1961, the said Clerk, on motion of the petitioner, signed an order appointing three commissioners to go upon the premises and assess the damages and benefits to the respondents. No answer to the petition had been filed. It appears from the record that the Clerk, after signing the order appointing the commissioners, did not notify the commissioners of their appointment until he had talked with the attorneys who had made the motion on behalf of the respondents for a survey. These attorneys, who live in Hickory, North Carolina, informed the Clerk that they were no longer interested in the proceedings. When this conversation took place is not disclosed. The commissioners were thereafter notified of their appointment and were qualified by taking the required oath before the Clerk on 23 January 1962 and made their report on the same day.

The commissioners assessed the damages at $180.00 and estimated the special benefits enhanced the value of respondents' property in the sum of $240.00

On 5 February 1962 the respondents filed a motion in the Superior Court to set aside the order of the Clerk entered on 18 August 1961, on the ground that the respondents received no notice that the requested survey had been made; that they intended to file an answer but no time was set for filing such answer after the survey was made.

His Honor, presiding at the March-April Term 1962 of the Superior Court of Caldwell County, heard the above motion, the answer thereto, and the argument of counsel, and found that good cause existed for the court to set aside said order; therefore, the trial judge set aside the order entered by the Clerk on 18 August 1961, in his discretion, and allowed the respondents thirty days from 5 April 1962 to answer or otherwise plead to the petition.

The petitioner appeals to the Supreme Court, assigning error.

*L. H. Wall, A. R. Crisp for petitioner appellant.*
*Hugh M. Wilson for respondents appellee.*

DENNY, C.J. The petitioner assigns as error the judgment entered on 5 April 1962, setting aside the order of the Clerk of the Superior Court entered on 18 August 1961. The petitioner argues and contends that the Superior Court was without jurisdiction to set the Clerk's order aside.

In the case of *Plemmons v. Cutshall,* 230 N.C. 595, 55 S.E. 2d 74, this Court, speaking through Barnhill, J., later, C.J., said: "The Clerk is but a part of the Superior Court. *Williams v. Dunn,* 158 N.C. 399, 74 S.E. 99; *Bynum v. Bank,* 219 N.C. 109, 12 S.E. 2d 898. Whenever a special proceeding begun before him is, for any ground whatever,

sent to the Superior Court before the judge, the judge has jurisdiction. G.S. 1-276; *McDaniel v. Leggett*, 224 N.C. 806, 32 S.E. 2d 602, and cases cited."

Likewise, in *Perry v. Bassenger*, 219 N.C. 838, 15 S.E. 2d 365, Stacy, C.J., said: "The jurisdiction of the Superior Court is not derivative in matters of this kind (a petition for partition) originating before the clerk. He is but a part of the same court. *Cf. Keen v. Parker*, 217 N.C. 378, 8 S.E. 2d 209. For this reason it is provided by C.S. 637 (now G.S. 1-276), that whenever a civil action or special proceeding begun before the clerk of a Superior Court is 'for any ground whatever' sent to the Superior Court before the judge, the judge shall have juisdiction; and it is his duty, upon request of either party, to proceed to hear and determine all matters in controversy in such proceeding. It has been held that even when the proceeding originally had before the clerk is void for want of jurisdiction, the Superior Court may yet proceed in the matter. *Williams v. Dunn*, 158 N.C. 399, 74 S.E. 99; *In re Anderson*, 132 N.C. 243, 43 S.E. 649."

There is nothing in this record tending to show that the respondents ever received any notice whatever with respect to the survey, the amendment to the petition, the order appointing the commissioners, or the report of the commissioners. Whether this was due to the fault of the attorneys, who filed the original request for the survey, to notify respondents, does not appear. Even so, the order was set aside in the discretion of the trial judge and no abuse of his discretion has been shown or even suggested.

The petitioner's assignment of error is overruled and the judgment of the court below is

Affirmed.